45291. ATLANTA JOURNAL & ATLANTA CONSTITUTION v. LONG et al.
(369 SE2d 755)

BELL, Justice.

In this appeal the issue is whether the trial court correctly applied Uniform Superior Court Rule (USCR) 21. 253 Ga. 801, 832 (eff. July 1, 1985). USCR 21 provides that "[a]ll court records are public and are to be available for public inspection unless public access is limited by law or by the procedure set forth [in USCR 21]." Relying on Rule 21, the trial court prohibited public access to certain prejudgment records. We conclude that the superior court did not correctly apply Rule 21, and we therefore reverse.

This case began when one of the appellees, Vicki Long, filed suit against the other appellees, who are the Catholic Diocese of Savannah and another defendant. Long filed an ex-parte motion to seal all the records in the case, and the court granted her motion. See USCR 21.3.[1] The Atlanta Journal and the Atlanta Constitution (the Atlanta Papers), which are not parties to the suit, subsequently moved for access to the records. The superior court conducted a hearing on the motion, at which Long and the Catholic Diocese of Savannah opposed the motion.[2] The trial court subsequently denied the motion. In its

---

[1] Rule 21.3 says that: "Under compelling circumstances, a motion for temporary limitation of access, not to exceed 30 days, may be granted, ex parte, upon motion accompanied by supporting affidavit."

[2] The remaining defendant did not participate in the hearing. However, that defendant has joined Long and the Catholic Diocese of Savannah in opposing the appeal of the Atlanta Papers.

order denying the motion, the court prohibited public access to several categories of pre-judgment documents, but allowed the public to attend the trial and any pre-trial hearings.

The Atlanta Papers appealed, asserting that the court erred in sealing the pre-judgment records. Their enumerations include contentions that the public and the press have constitutional and common-law rights of access to documents generated by civil litigation. We do not address those arguments. Instead, we choose to premise our decision solely upon the narrower issue of the trial court's application of Rule 21. We conclude that the trial court did not satisfy certain requirements of USCR 21, in that it did not enter adequate findings and conclusions. However, we find that this omission does not require reversal. We further conclude that the appellees did not satisfy other requirements of Rule 21, and that the trial court therefore erred by limiting public access to the pre-judgment records. We reverse because of this error.

1. In the State of Georgia, the public and the press have traditionally enjoyed a right of access to court records. Public access protects litigants both present and future, because justice faces its gravest threat when courts dispense it secretly. Our system abhors star chamber proceedings with good reason. Like a candle, court records hidden under a bushel make scant contribution to their purpose.

A purpose of Rule 21 is to preserve the traditional right of access. Cf. USCR 1. 256 Ga. 865 (eff. Sept. 19, 1986).[3] The rule also preserves another traditional right — the right of superior courts in exceptional cases to shield court records from public view. However, superior courts may exercise their right to shield court records only if they comply with the following requirements of Rule 21, which are as follow:

> All court records are public and are to be available for public inspection unless public access is limited by law or by the procedure set forth below.

> 21.1 *Motions and Orders.* Upon motion by any party to any civil action, after hearing, the court may limit access to court files respecting that action. The order of limitation shall specify the part of the file to which access is limited, the nature and duration of the limitation, and the reason for limitation.

---

[3] Rule 1 provides, in part, that: "It is not the intention, nor shall it be the effect, of these rules to conflict with the Constitution or substantive law, either per se or in individual actions and these rules shall be so construed and in case of conflict shall yield to substantive law."

21.2 *Finding of Harm.* An order limiting access shall not be granted except upon a finding that the harm otherwise resulting to the privacy of a person in interest clearly outweighs the public interest.

Rule 21 requires trial courts to keep all judicial records open for public inspection, unless the law limits access (in this case, it does not), or unless the courts limit public access through the procedure that Rule 21 establishes. If a court limits public access, Rule 21 requires the court to specify the files to which access is limited; the duration of the limitation; and the justification for the limitation. To justify a limitation, the court must find that the harm to the movant's privacy from disclosure clearly outweighs the public interest in disclosure.

2. Accordingly, Rule 21.1 required the superior court to specify the duration of the limitation it imposed on access to the records in this case. After reviewing the order of the superior court, we find that the court did not fulfill this requirement.

The language of the court's order addressing the nature and duration of the restriction of access is as follows:

The Court . . . order[s] that:

a. The complaint and any amendments thereto;

b. The answers and any amendments [thereto];

c. The portion of any pretrial order and the amendments thereto which outlin[e] the theories of liability or defense or stat[e] the contentions of the parties;

d. Any discovery filed by the parties which directly pertain[s] to such issues or to prior or to subsequent related conduct of the parties;

e. Any motions for adjudication on the merits and briefs shall be filed with the Clerk in a sealed envelope indicating on the outside that such filing comes within the scope of this order and should be dealt with accordingly by the Clerk;

All other pleadings, briefs, discovery filed with the Clerk, orders and judgments shall be open to the 'right of access' by the public and press; any hearings whether motion, pretrial or evidentiary, and the trial itself shall be open to the 'right of access' by the public or press.

In the foregoing provisions of the order, the court ruled that certain pre-judgment records would be confidential, but that all pre-trial hearings and the trial itself would be open to the public and the press. These rulings state the nature of the limitation, but do not mention the duration of the limitation, that is, the order does not expressly specify when, if ever, the court will unseal the pre-judgment documents. The court's failure to expressly state the duration of the limitation was erroneous. USCR 21.1. However, it is not a reversible error, because this court is able to infer the period of the limitation from the court's order. Cf. USCR 21.5.[4] We draw this inference by interpreting the nature of the limitation on access to the records in context with the ruling that the trial and all pre-trial hearings will be open.

The net effect of sealing the pre-judgment documents and conducting public hearings is to encourage the appellees to settle their litigation in its early stages, before the court holds hearings.[5] In the event the appellees do not reach a settlement before the court holds public hearings, the public will inevitably learn the gist of the information in the sealed documents by attending the hearings. The result would be to delay, but not prevent, the disclosure of the embarrassing information in the pre-judgment records.[6] In the event the parties do reach a settlement before the court holds public hearings, the public will not discover the information in the sealed documents.

Thus, we conclude the order implicitly states the duration of the limitation on access to the pre-judgment records: The limitation will be permanent if the appellees settle their dispute before public hearings, and will, in effect, end if the court holds public hearings. The remaining issue for our consideration is whether the harm that would result to the appellees if the trial court does not impose this limitation clearly outweighs the public interest.

3. In designing USCR 21, this court and the council of superior court judges, see 1983 Ga. Const., Art. VI, Sec. IX, Par. I,[7] incorporated the presumption that the public will have access to all court records. The aim of this presumption is to ensure that the public will continue to enjoy its traditional right of access to judicial records, except in cases of clear necessity. To this end, the presumptive right of access includes pre-judgment records in civil cases, and begins when a

---

[4] Rule 21.5 authorizes this court to amend orders limiting access. The rule provides: "Upon notice to all parties of record and after hearing, an order limiting access may be reviewed and amended by the court entering such order or by the Supreme Court at any time on its own motion or upon the motion of any person for good cause."

[5] Appellees agree with this conclusion.

[6] Appellees also agree with this conclusion.

[7] 1983 Ga. Const. Art. VI, Sec. IX, Par. I, authorized this court to adopt uniform rules for trial courts with the advice and consent of the councils of the affected classes of courts.

judicial document is filed.

A party who moves to seal court records has the burden of overcoming this presumption, by demonstrating that "the harm otherwise resulting to [his privacy] clearly outweighs the public interest," USCR 21.2. The trial court has the corresponding duty to weigh the harm to the privacy interest of that party from not sealing the prejudgment documents against the harm to the public interest from sealing the documents. Before sealing the documents, the court must conclude that the former clearly outweighs the latter.

If the appellees do not settle this suit before the trial court holds public hearings, then the public will learn the information in the documents. The effect will be to delay the public's discovery of that information, and thus to deny their presumptive right of immediate access. If the appellees settle their case before the court holds public hearings, then the public will never learn the contents of the pre-judgment records. After reviewing the record and the superior court's order, we hold that the court erred by concluding that the appellees had justified this restriction. The court concluded that:

> In the exercise of the sound discretion of the Court, the Court finds that the privacy interests of all the parties and [the] compelling governmental interest in preserving the judicial system as the proper forum for dispute resolution of last resort outweigh the "access rights" of the public and press[.] Further, such allegations could be misused to promote private spite or promote public scandal through the publication of the details of the allegations and serve as a reservoir for libelous statements.

In the preceding conclusion, the trial court speaks of the privacy interests of the appellees. However, the court's findings and conclusions do not explain how the embarrassment[8] the appellees may suffer differs in degree or kind from that of parties in other civil suits. Embarrassment has always been a problem in civil suits, yet traditionally it has not prompted trial courts to routinely seal pre-judgment records. The presumption of open access that is built into Rule 21 implicitly takes this factor into account.

Similarly, Rule 21 takes into account the other factors that the trial court balances against the public interest in access: the governmental interest in preserving the judicial system as the forum for

---

[8] The trial court's order does not expressly identify what privacy interests it finds the appellees have, but portions of the order other than those we have quoted in this opinion imply that the court meant the appellees' interest in avoiding embarrassment. We assume this is the court's meaning.

resolving disputes, and the possibility that pre-judgment documents could be misused.

We therefore hold that the trial court's findings and conclusions are not sufficient to support the limitation of access that the court imposed.

4. In the previous division of this opinion, we have addressed the trial court's express findings and conclusions in support of the limitation it imposed. On appeal, appellees urge an additional ground in support of the limitation. Appellees' argument relies on the net effect of the implicit duration of the limitation, which, as we have found in the previous division of this opinion, is to encourage the appellees to settle their litigation before the court holds hearings. Appellees contend that the public has an interest in promoting private settlements of suits before public proceedings, and attempt to justify the limitation in this case on the ground that it serves this public interest.

We disagree with their argument. We acknowledge that promoting private settlements of litigation is in the public interest. However, the fact that the limitation in this case has the effect of encouraging the appellees to settle out of court does not distinguish this case from other civil suits for the purpose of Rule 21. Encouraging private settlement of disputes by coupling closure of pre-judgment documents with public hearings would generally serve the public interest, just as disclosing pre-judgment judicial records will generally embarrass at least one of the parties to the suit. Nevertheless, as with the factors that the trial court expressly weighed against the public interest in open access, Rule 21 implicitly takes into account the appellees' argument.

5. In summary, we hold that the privacy interests of the appellees in the pre-judgment records of this civil suit do not clearly outweigh the public interest in open access to those records. We therefore reverse the order sealing the pre-judgment records.

*Judgment reversed. All the Justices concur, except Marshall, C. J., and Smith, J., who dissent.*

DECIDED JULY 13, 1988.

*Dow, Lohnes & Albertson, Terrence B. Adamson, Anthony E. DiResta, Peter C. Canfield, Robyn S. Degnan,* for appellant.

*Smith, Gambrell & Russell, William A. Brown, Meals, Kirwan, Goger, Winter & Parks, P. Bruce Kirwan, Joseph P. Brennan,* for appellees.