## S92A0486. GREEN v. DRINNON, INC.
### (417 SE2d 11)

FLETCHER, Justice.

Judge Robert H. Green of the State Court of Baldwin County appeals from a superior court order requiring him to give the local newspaper a tape of comments he made in open court. We affirm that Judge Green must make available the tape or its transcript, but for a different reason than the trial court.

Judge Green made opening remarks on September 23, 1991, after court was called into session but before the call of any case.[1] The court reporter recorded Judge Green's comments on a tape recorder. The Union-Recorder, the local newspaper, sought a transcript of the judge's remarks from the court reporter and later filed a request with the judge under the Open Records Act. The requests were denied. The Union-Recorder sued the judge, alleging that the tape was a public record under the Open Records Act and a court record open for public inspection under Uniform Superior Court Rule 21.

1. In this state, "the public and the press have traditionally enjoyed a right of access to court records." *Atlanta Journal & Constitution v. Long,* 258 Ga. 410, 411 (369 SE2d 755) (1988); see *R. W. Page Corp. v. Lumpkin,* 249 Ga. 576, n. 1 (292 SE2d 815) (1982). To preserve this right, this court and the council of superior court judges have adopted a rule that presumes the public will have access to all

---

[1] A transcript of the judge's comments shows the following beginning:

THE COURT: Good morning, ladies and gentlemen. We will ask Deputy Shane Gladin to open court for us this morning.

DEPUTY GLADIN: The September Term of Baldwin County State Court is now in session. Honorable Robert Green presiding.

court records. See *Long*, 259 Ga. at 413. State Court Rule 21 provides: "All court records are public and are to be available for public inspection unless public access is limited by law or by the procedure set forth below."

An official court reporter's tape of a judge's remarks in open court is a court record. In *R. W. Page Corp. v. Kilgore*, 257 Ga. 179 (356 SE2d 870) (1987), we held that the coroner could not claim that a transcript of a public inquest was not a public record.

> When a coroner, who is a public official, makes an inquest and opens it to the public, and the testimony given at the public inquest is recorded and transcribed at public expense, the coroner has waived any right which he might claim to have to contend that the transcript is not a public record.

Id. Similarly, Judge Green waived any right to claim that the tape of his comments is not a court record when he made public comments from the bench that were recorded while court was in session. No law limits public access to the judge's taped comments nor can access to them be denied under the procedure set out in Rule 21, which he has not invoked. Therefore, the tape or its transcript must be made available for public inspection under Rule 21.

2. Since court rules govern public access to court records, it is not necessary to determine whether the Open Records Act applies to the judicial branch of government. We disapprove of the trial court's ruling to the extent that it relied on the Open Records Act to grant the newspaper access to the court record. See *Coggin v. Davey*, 233 Ga. 407, 411 (211 SE2d 708) (1975); *Fathers Are Parents Too, Inc. v. Hunstein*, 202 Ga. App. 716 (415 SE2d 322) (1992); see also 1979 Op. Atty. Gen. 79-25 (concluding that the sunshine law does not apply to the judiciary because, like the General Assembly, the courts have a history of self-regulation).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 11, 1992.

*Chambless, Higdon & Carson, Marc T. Treadwell,* for appellant. *Sell & Melton, Edward S. Sell III,* for appellee.