## S99A0928. IN RE MOTION OF THE ATLANTA JOURNAL-CONSTITUTION.
### (519 SE2d 909)

SEARS, Justice.

The Atlanta Journal-Constitution ("AJC") appeals from the trial court's denial of its motion seeking access to the sealed files of a court proceeding. Having reviewed the record and after concluding that the trial court failed to follow the required procedures for entering an order sealing the record in a lawsuit from public scrutiny, we reverse.

On February 13, 1998, Kimberlee Sullivan filed suit against Sun Trust Bank and others, asserting that she has an interest in an estate for which Sun Trust serves as executor. At the same time, Sullivan filed several related motions, including a motion to limit access to court files. She obtained an ex parte order sealing the entire record in the case for 30 days.[1] On March 4, 1998, the defendants to Sullivan's suit filed their responsive pleadings, one of which concurred with Sullivan's request to seal the record. On that same day, the parties presented the superior court with a proposed order closing access to the court files. The court executed the proposed order ("Order to Seal"), and all contents of the record were sealed until further order of the court. No public hearing preceded entry of the Order to Seal.

---

[1] See Uniform Sup. Ct. Rule ("USCR") 21.3.

As justification for closing the record, the Order to Seal states simply that, "The Court finds that the potential harm to the parties' privacy clearly outweighs the public interest."

Five days later, the AJC (which is not a party to the underlying action) filed a motion seeking access to the sealed files, and sought a hearing on its motion. When that failed, the AJC filed an application seeking to appeal the Order to Seal, which was granted so that this Court could consider whether the trial court erred in limiting access to the court records in question.[2]

In Georgia, there is a public right of access to court records, unless such access is restricted either by law or by the procedures set forth in Uniform Superior Court Rule 21.[3] That Rule provides:

> Upon motion by any party . . . after hearing, the court may limit access to court files. . . . The order of limitation shall specify the part of the file to which access is limited, the nature and duration of the limitation, and the reason for the limitation.[4] An order limiting access shall not be granted except upon a finding that the harm otherwise resulting to the privacy of a person in interest clearly outweighs the public interest.[5]

Superior courts may restrict or prohibit access to court records only if they do so in compliance with the requirements of Rule 21.[6] However, not all failures to comply with Rule 21 will mandate reversal of an order sealing a record. For example, if a trial court fails to specify the duration of the limitation on access to records as required by Rule 21, that failure will not result in reversal if the duration period can be otherwise inferred from the text of the trial court's order.[7]

Other failures to comply with Rule 21, however, negatively impact a trial court's authority to close a record, and thus require reversal of an order to seal. Among these is the failure to set forth findings of fact that justify the closing of a court record. As indicated by Rule 21, a party seeking to seal court records carries the burden of demonstrating that the harm otherwise resulting to his or her privacy clearly outweighs the public's substantial interest in access to

---

[2] The AJC first sought to directly appeal the order sealing the files, and that direct appeal was dismissed. *In re Motion of Atlanta Journal-Constitution*, 269 Ga. 589 (502 SE2d 720) (1998). Thereafter, the AJC filed a discretionary application which was granted and which is the Court's basis for considering this matter.

[3] *Atlanta Journal &c. v. Long*, 258 Ga. 410, 411 (369 SE2d 755) (1988).

[4] USCR 21.1.

[5] USCR 21.2.

[6] USCR 21.

[7] *Long*, 258 Ga. at 413.

the records.[8] Correspondingly, the trial court is obligated to weigh the harm to the party's privacy interest that will result from not sealing the records against the harm to the public's right of access that will result from sealing the records. Before it is authorized to seal court records, the trial court must make factual findings which lead it to conclude as a matter of law that the former clearly outweighs the latter.[9]

In discharging this duty, it is not sufficient for the trial court to forego making findings of fact and simply state that the public's interest in access to court records is clearly outweighed by potential harm to the parties' privacy. By their nature, civil lawsuits quite often cause litigants to experience an invasion of privacy and resulting embarrassment, yet that fact alone does not permit trial courts to routinely seal court records. In an order sealing a court record, a trial court must set forth factual findings that explain how a privacy invasion that may be suffered by a party or parties seeking to seal a record differs from the type of privacy invasion that is suffered by all parties in civil suits.[10] Otherwise, the trial court is not justified in closing the record from public scrutiny. Accordingly, we must conclude in the present appeal that the trial court's failure to set forth such factual findings requires that its Order to Seal be reversed.[11]

Furthermore, before a trial court may enter an order sealing a record, Uniform Superior Court Rule 21.1 specifically requires it to hold a hearing on the issue.[12] The requirement of a hearing held upon reasonable notice is indispensable to the integrity of the process mandated for limiting access to court records, because "justice faces its greatest threat when courts dispense it secretly."[13] In the present case, the trial court's failure to hold a meaningful hearing before entering the Order to Seal also requires that the order be reversed.

---

[8] Id., 258 Ga. at 414.

[9] Id.

[10] Id. See USCR 21.1 ("the order of limitation shall specify . . . the reason for limitation."). See also *Press-Enterprise Co. v. Superior Court*, 478 U. S. 1, 13-14 (106 SC 2735, 92 LE2d 1) (1986) (Where a qualified right of access to court proceedings exists, proceedings should not be closed "unless specific, on the record findings are made demonstrating that 'closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" (Citation omitted.))

[11] Id. We are sensitive to the respondent parties' concern that requiring trial courts to enter findings of fact which justify closing a record might actually result in the inadvertent public exposure of the private or embarrassing matters which a party sought to conceal by sealing the record. When assessing and ruling upon motions to close a record, trial courts must strike a difficult and careful balance between the personal and public interests discussed infra. In so doing, we are confident that trial courts, if informed of these concerns in advance and with the assistance of counsel, are fully able to artfully draft their orders closing a record so as to protect the parties' privacy interest to the fullest extent possible.

[12] See n. 4, supra.

[13] *Long*, 258 Ga. at 411.

For the reasons discussed above, the trial court's Order to Seal is reversed, and this matter is remanded to the trial court for proceedings consistent with this opinion.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED SEPTEMBER 13, 1999.

*Long, Aldridge & Norman, F. T. Davis, Jr., Lawrence A. Slovensky,* for appellant.

*Warner, Mayoue & Bates, C. Wilbur Warner, Jr., John C. Mayoue, Kilpatrick Stockton, A. Stephens Clay, Susan A. Cahoon, Powell, Goldstein, Frazer & Murphy, William J. Linkous, Jr.,* for appellee.