# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Decided June 29, 2007

No. 04-3138

IN RE: GRAND JURY SUBPOENA, JUDITH MILLER

Consolidated with
04-3139, 04-3140

Appeals from the United States District Court
for the District of Columbia
(No. 04mc00407)
(No. 04mc00460)
(No. 04mc00461)

On Renewed Motion to Unseal of *Amici Curiae* Dow Jones &
Co., Inc and the Associated Press

*Theodore J. Boutrous, Jr.* was on the renewed motion to
unseal, the supplemental memorandum in support, and the reply
thereto.

*James P. Fleissner*, Deputy Special Counsel, U.S.
Department of Justice, was on the response to the renewed
motion to unseal.

Before: SENTELLE, HENDERSON, and TATEL, *Circuit
Judges*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: We return once again to whether we should release material redacted from Judge Tatel's February 15, 2005, concurring opinion in this matter, *In re Grand Jury Subpoena, Judith Miller*, 397 F.3d 964 (D.C. Cir. 2005), *reissued* 438 F.3d 1141 (D.C. Cir. 2006), as well as from two ex parte affidavits filed by the Special Counsel. Responding to an earlier motion filed by Dow Jones, et. al., we unsealed portions of the concurring opinion and ex parte affidavits because previously secret grand jury information had been revealed in the indictment of I. Lewis Libby or had been otherwise widely reported. *In re Grand Jury Subpoena, Judith Miller,* 438 F.3d 1138, 1140 (D.C. Cir. 2006).

With the Libby trial now concluded, Dow Jones has renewed its motion, arguing that additional revelations before and during trial justify the release of the remaining portions of the concurring opinion and ex parte affidavits. Specifically, Dow Jones points to (1) former Deputy Secretary of State Richard Armitage's broadly publicized admission that he disclosed Valerie Plame's identity to reporters Robert Novak and Bob Woodward, *see, e.g.*, *CBS Evening News* (CBS television broadcast Sept. 7, 2006) (interview with Armitage); David Johnston, *Source in C.I.A. Leak Case Voices Remorse and Chagrin*, N.Y. TIMES, Sept. 8, 2006, at A26; (2) trial testimony by Novak and Woodward confirming this fact; (3) Armitage's further statements that he had cooperated with the Special Counsel's investigation from its inception, *see, e.g.*, *CBS Evening News*; Johnston at A26; (4) Novak's and reporter Matthew Cooper's public revelations that they told the grand jury that presidential advisor Karl Rove also revealed Plame's identity to them, *see* Matthew Cooper, *What I Told the Grand Jury*, TIME, July 25, 2005, at 38; Robert Novak, *My Role in the Plame Leak Probe*, CHI. SUN-TIMES, July 12, 2005, at 14; and

(5) public statements by Rove's attorney that the Special Counsel had informed Rove that he would not be charged in connection with this investigation, *see, e.g.*, *Lawyer: Rove Won't be Charged in CIA Leak Case*, CNN.COM, June 13, 2006, http://www.cnn.com/2006/POLITICS/06/13/rove.cia/index.html.

Instead of limiting its request to the specific portions of the concurring opinion and ex parte affidavits that relate to these well-publicized disclosures, Dow Jones argues that there is "an undeniable and overwhelming public interest in full public disclosure" of all redacted materials in their entirety. Pet'r's Reply in Support of Renewed Mot. to Unseal 1. Asserting that due to Armitage's early confession "the Special Counsel already knew the solution to the mystery that had provoked the investigation in the first place," Dow Jones contends that the public has a right to know what justified subpoenaing reporters Judith Miller and Matthew Cooper in the first place. *Id.* at 2–3.

Although the Special Counsel has no objection to unsealing those portions of the concurring opinion and ex parte affidavits that refer to grand jury information disclosed at the Libby trial, he opposes any further disclosure, even of information already widely reported in the media. The Special Counsel notes that many of the redacted pages discuss "still-secret grand jury matters," including evidence regarding "persons who have not been, and likely will never be, charged with a criminal offense." Gov't's Response to Renewed Mot. to Unseal 9–10. According to the Special Counsel, moreover, "[p]ublic revelations by persons about their involvement in a grand jury investigation, even the disclosure of some details, do[] not eliminate the protections" governing grand jury material. *Id.* at 10. Consistent with these views, the Special Counsel submitted a sealed affidavit identifying the redacted material he believes we can now make public.

As we explained in our earlier opinion, the legal principles governing access to grand jury materials are relatively straightforward. *See In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1138, 1139 (D.C. Cir. 2006). Federal Rule of Criminal Procedure 6(e) prohibits disclosure of "matter[s] occurring before the grand jury," FED. R. CRIM. P. 6(e)(2), and thus requires that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury," FED. R. CRIM. P. 6(e)(6). Grand jury investigations are conducted in strict secrecy to encourage witnesses to testify "fully and frankly," to prevent those about to be indicted from fleeing, and to ensure that "persons who are accused but exonerated by the grand jury will not be held up to public ridicule." *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 219 (1979). Although public access plays an important role in other aspects of the judicial process, "there is no First Amendment right of access to grand jury proceedings," nor do First Amendment protections extend to ancillary materials dealing with grand jury matters, such as Judge Tatel's concurring opinion. *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 499, 502 (D.C. Cir. 1998) (finding no First Amendment right of access to ancillary hearings relating to grand jury matters). Indeed, none of the cases Dow Jones cites in support of its First Amendment argument deals with grand jury proceedings. *See Gentile v. State Bar of Nev.*, 501 U.S. 1030 (1991) (state restrictions on pre-trial attorney speech); *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986) (public access to preliminary hearings); *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501 (1984) (public access to voir dire); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980) (public access to criminal trials); *Wash. Post v. Robinson*, 935 F.2d 282 (D.C. Cir. 1991) (public access to plea agreements).

Yet as we have also previously pointed out, "[g]rand jury secrecy is not unyielding" when there is no secrecy left to protect. *In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1138, 1140 (D.C. Cir. 2006). Rule 6(e)(6) requires that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings" remain sealed only "to the extent and as long as necessary to prevent the unauthorized disclosure" of such matters. Moreover, as we held in *In re North*, 16 F.3d 1234 (D.C. Cir. 1994), when once-secret grand jury material becomes "sufficiently widely known," it may "los[e] its character as Rule 6(e) material." *Id.* at 1245.

Applying these standards, we reject Dow Jones's request to unseal these materials in their entirety. Even if the Armitage revelation created a compelling public interest in them—and it is unclear to us why, as Dow Jones asserts, the Special Counsel's knowledge that one individual leaked Plame's identity calls into question the validity of his continuing investigation into others who may have unlawfully leaked this same information—this is irrelevant given that there is no First Amendment right of access to secret grand jury matters. Rule 6(e) governs what we may or may not release to the public. Insofar as materials concern still-secret grand jury matters, they must remain sealed.

That said, as requested by Dow Jones, we will release those redacted portions of Judge Tatel's concurring opinion and the two ex parte affidavits that discuss grand jury matters revealed either during the Libby trial or by grand jury witnesses themselves. Although not every public disclosure waives Rule 6(e) protections, one can safely assume that the "cat is out of the bag" when a grand jury witness—in this case Armitage—discusses his role on the CBS Evening News. *In re North*, 16 F.3d at 1245; *see In re Motions of Dow Jones & Co.*, 142 F.3d at 505 (noting that where grand jury witness's attorney

"virtually proclaimed from the rooftops that his client had been subpoenaed," this fact "lost its character as Rule 6(e) material" (internal quotation marks omitted)).  We think the same is true with respect to the disclosures made by Novak, Cooper, and Rove's attorney.  We unseal the concurring opinion and the ex parte affidavits, however, only to the extent that they have been previously revealed.  Grand jury material not yet publicly disclosed will remain redacted.

While we appreciate the Special Counsel's recommendations as to precisely which redacted material we can release, his proposal was far too narrow.  At our direction, therefore, the Special Counsel has now prepared and filed with this court a revised affidavit identifying those portions of his sealed ex parte affidavits discussing grand jury matters that have become widely known through whatever source—whether by revelations at the Libby trial or from grand jury witnesses themselves—and can therefore be released.

It is therefore **ORDERED** and **ADJUDGED** that, pursuant to Circuit Rule 47.1(c), Dow Jones's motion is granted in part and denied in part, and that the redacted opinion and ex parte affidavits shall be placed in the public docket.  The formerly redacted portions of Judge Tatel's concurring opinion appear in italics on pages 32–35 and 38–39.

*So ordered.*