S08A1281. IN RE GWINNETT COUNTY GRAND JURY.
(668 SE2d 682)

BENHAM, Justice.
We granted an application for appellate review which contained the issue of whether documents and recorded testimony presented to a grand jury carrying out its statutory civil responsibility to inspect or investigate any county office or its operations are "court records" available for public inspection under Uniform Superior Court Rule (USCR) 21. We conclude that such material is not a "court record" and affirm the judgment of the trial court.

During its September 2006-March 2007 term, the Gwinnett County grand jury reviewed the dissolution of the county's Office of Internal Audits and the transfer of responsibilities from that office to a newly formed Performance Analysis Division. See OCGA § 15-12-71 (b) (2).[1] The grand jury issued and made public presentments and recommendations to the county. OCGA §§ 15-12-71 (b) (3); 15-12-80.[2] Subsequently, Gwinnett County made a request under the Open Records Act to the Gwinnett County district attorney and the superior court clerk, seeking copies of certain materials used by the grand jury in its civil investigation concerning the dissolution of one county office and the transfer of responsibilities to the newly created

---

[1] "[T]he grand jury shall, whenever deemed necessary by eight or more of its members, appoint a committee of its members to inspect or investigate any county office . . . or any of the records, accounts, property, or operations of any of the foregoing."

[2] OCGA § 15-12-71 (b) (3) authorizes the grand jury to "prepare reports or issue presentments based upon its inspections as provided for in this subsection, and any such presentments shall be subject to publication as provided for in Code Section 15-12-80." OCGA § 15-12-80 authorizes the grand jury "to recommend to the court the publication of the whole or any part of their general presentments and to prescribe the manner of publication. When the recommendation is made, the judge shall order the publication as recommended. . . ."

county office. When the county officials declined to produce the material, Gwinnett County filed a petition in superior court pursuant to the Open Records Act and USCR 21 for production of

> the transcripts or DVD recordings of testimony, minutes, documents, reports, exhibits, and all manner of things related to the Grand Jury Committee's investigation of Gwinnett County's Internal Audit Function and the Presentments issued and published as a result of that investigation.

The trial court denied the petition for production of documents on the ground that the grand jury materials requested were not court records subject to public inspection and disclosure under USCR 21. It determined that "only those presentments made in open court at the conclusion of the Grand Jury's investigation in March 2007 are court records, and thus public records, which may be disclosed to [Gwinnett County]."[3] This Court granted Gwinnett County's application for appellate review of the trial court's decision. See *In re Motion of Atlanta Journal-Constitution*, 269 Ga. 589 (502 SE2d 720) (1998) (construing appeal procedure of USCR 21.4).

USCR 21, adopted by this Court and the Council of Superior Court Judges, states that "[a]ll court records are public and are to be available for public inspection unless public access is limited by law or by the procedure set forth below." The rule embodies the right of access to court records which the public and press in Georgia have traditionally enjoyed, and presumes the public will have access to all court records. *Green v. Drinnon, Inc.*, 262 Ga. 264 (1) (417 SE2d 11) (1992). A body of case law has developed around USCR 21, with only a handful of decisions focused on whether an item constitutes a "court record." In one of its first decisions involving USCR 21, this Court held that the public's "presumptive right of access" to all court records "includes pre-judgment records in civil cases, and begins when a judicial document is filed." *Atlanta Journal &c. v. Long*, 258 Ga. 410 (3) (369 SE2d 755) (1988). We have since held that the term "court records" includes an official court reporter's tape of remarks made by a judge in open court. *Green v. Drinnon, Inc.*, supra, 262 Ga. at 265. In two other cases, the appellate court noted the issuance of USCR 21 protective orders. See *Bowers v. Shelton*, 265 Ga. 247, 248, n. 3 (453 SE2d 741) (1995) (the trial court issued a USCR 21 protective order covering those portions of court filings

---

[3] Having determined that "court rules govern public access to court records," the trial court did not address Gwinnett County's alternate argument that it was entitled to access to the grand jury materials under the Open Records Act, OCGA § 50-18-70 et seq.

containing confidential information from a tax liability investigative file); and *BankWest v. Oxendine*, 266 Ga. App. 771 (598 SE2d 343) (2004) (the trial court granted a protective order under USCR 21 to a business marketing agreement filed in response to a declaratory judgment action). In each of these cases, USCR 21 was invoked to deny public access to material filed in civil litigation or to material created by an official court reporter while in attendance in open court and which reflected that which occurred during the court session. The material at issue in these cases fell within the public's "presumptive right of access [that] includes pre-judgment records in civil cases, and begins when a judicial document is filed." *Atlanta Journal &c. v. Long*, supra, 258 Ga. at 413-414.

Appellant Gwinnett County asserts that the public's right of access is more expansive and includes documents and testimony presented to and considered by a grand jury engaged in its civil duty of inspecting or investigating a county office. Appellant reasons that the grand jury acts under the supervision of the superior court, thereby making "court records" of the documents and recorded testimony received and maintained by the grand jury in carrying out its civil duties. Even if we assume for the sake of argument the validity of appellant's reasoning concerning the relationship of the superior court and the grand jury, we disagree with appellant's conclusion. Documents and recorded testimony received by a grand jury in pursuit of its civil duties are not subject to disclosure under USCR 21 because they do not fall within that which USCR 21 embodies: they are not court records to which the public and press in Georgia have traditionally enjoyed access. See *Green v. Drinnon, Inc.*, supra, 262 Ga. at 264.

"There is no doubt that the preservation of the secrecy of grand jury proceedings is . . . a well-recognized principle in Georgia." *In re Hall County Grand Jury Proceedings*, 175 Ga. App. 349 (3) (333 SE2d 389) (1985). The grand jury has its roots in the common law brought to this country by the early colonists (*Costello v. United States*, 350 U. S. 359, 362 (76 SC 406, 100 LE 397) (1956)) and in colonial times, the grand jury inspected roads, jails, and other public buildings; monitored public works expenditures, construction and maintenance; and criticized poor administration, in addition to serving as accusatory bodies. Ric Simmons, Re-Examining the Grand Jury: Is There Room for Democracy in the Criminal Justice System? 82 B.U. L. Rev. 1, 10 (cited in *United States v. Navarro-Vargas*, 408 F3d 1184, 1191 (9th Cir. 2005)). "Through presentments and other customary reports, the American grand jury in effect enjoyed a roving commission to ferret out official malfeasance or self-dealing of any sort. . . ." Akhil Reed Amar, The Bill of Rights: Creation and Reconstruction 85 (1998) (cited in *United States v. Navarro-Vargas*,

supra, 408 F3d at 1191).[4] Throughout colonial times, grand jury secrecy was an important part of grand jury proceedings, with violation of the grand jurors' oath of secrecy punishable as contempt and as a crime. 1 Sara Sun Beale et al., Grand Jury Law and Practice § 5:2 (cited in *United States v. Navarro-Vargas*, supra, 408 F3d at 1192).

Today, members of a grand jury in Georgia take a statutorily prescribed oath to keep deliberations of the grand jury secret (OCGA § 15-12-67 (b)), and a stenographer attending grand jury proceedings is required to take an oath to keep secret all things and matters learned while in attendance upon the grand jury. OCGA § 15-12-83 (b). As a matter of public policy, admissions and communications among grand jurors are excluded as evidence (OCGA § 15-12-73) and the stenographer "shall be incompetent to testify" concerning any matter learned while in attendance upon the grand jury. OCGA § 15-12-83. There is no statutory distinction drawn between the criminal accusatory and civil investigative roles of the grand jury with regard to the requirement that secrecy be maintained. The secrecy of the grand jury while conducting civil investigations is a means of ensuring the grand jury the freedom of action needed for effective discharge of its duties in that secrecy protects the members of the grand jury, ensures the utmost freedom to the grand jury in its deliberations, encourages unhampered disclosures by persons who have information pertinent to the subject matter of the investigation, and protects the future use of the grand jury as an investigative tool. See *Grand Jury Fall Term, A.D. v. City of St. Petersburg, Fla.*, 624 S2d 291, 293 (Fla. App. 1993).

Accordingly, even if we assume that evidence and testimony presented to a grand jury in pursuit of its civil duties are records of the superior court, they are not "court records" subject to USCR 21 because the press and public have not traditionally enjoyed access to such material due to the preservation of the secrecy of grand jury proceedings.

We agree with the trial court that, insofar as the civil duties of a grand jury are concerned, the term "court records" as used in USCR 21 encompasses only the presentments made by the grand jury in open court at the conclusion of the grand jury's investigation. Because the presentment concerning the Gwinnett County grand jury's civil investigation of the demise of the county's Office of Internal Audits and the creation of its Performance Analysis Divi-

---

[4] The colonial grand jury's role as inspector, monitor, and critic of public projects and administrators bears a striking resemblance to the civil duties imposed on the modern grand jury in Georgia.

sion was made in open court, it is a court record under USCR 21 that is available for public inspection unless public access is otherwise limited by law or by USCR 21. However, documents and recorded testimony presented to and maintained by the grand jury and not included in the presentment made in open court are not "court records" under USCR 21 and therefore do not carry the presumption of public access.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 27, 2008.

*Carothers & Mitchell, Richard A. Carothers, Thomas M. Mitchell, Michael E. Hobbs,* for appellant.
*Daniel J. Porter, District Attorney,* for appellee.