# Court of Appeals
# of the State of Georgia

ATLANTA,  January 23, 2015

*The Court of Appeals hereby passes the following order:*

## A15A0137.  JORDAN et al. v. STATE OF GEORGIA.

The above-referenced case, involving an attempt by the appellants to bring a civil action under the Georgia False Medicaid Claims Act ("GFMCA"),[1] against certain pharmaceutical companies, was docketed in this Court on September 5, 2014. On October 1, 2014, this Court granted appellants' request for oral argument, which was scheduled for January 21, 2015. On January 15, 2015, less than one week before oral argument, appellants filed a motion to unseal the record on appeal, which had been sealed since the initiation of this litigation pursuant to the filing requirements of the GFMCA[2] and its provision allowing the State to seek extensions of time for the seal to remain in place.[3] The following day, the State filed a motion in response, arguing that the record on appeal should remain sealed. Given the tension between the statute and the presumption in Georgia that "the public will have access to all

---

[1] *See* OCGA § 49-1-168 *et seq*.

[2] *See* OCGA § 49-4-168.2 (c) (2) ("Where a private person brings a civil action under this article, such person shall follow the following special procedures: . . . The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The purpose of the period under seal shall be to allow the Attorney General to investigate the allegations of the complaint.").

[3] *See* OCGA § 49-4-168.2 (c) (3) ("The Attorney General may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2) of this subsection.").

court records[,]"[4] oral argument was postponed.

Having considered the parties' competing motions, we find that, in essence, the parties are litigating an issue with potentially important implications for the first time on appeal. Indeed, at the hearing on the State's motion to dismiss appellants' complaint, the trial court offered to hear argument as to whether the case should remain under seal, but the offer was declined. Subsequently, the case was docketed with this Court without the trial court ruling on this issue. Nevertheless "[i]nasmuch as we are a court for the correction of errors, we do not consider issues which were not raised below and ruled on by the trial court."[5] Accordingly, we hereby remand this case to the trial court for a determination of whether the case is to remain under seal and, if so, whether the entirety of the record and filings or only selected parts remains under seal. Following the trial court's determination, the losing party may appeal the determination, at which time the appellants may also renew their appeal of the trial court's order dismissing their complaint.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____01/23/2015_____
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[4] *Atlanta Journal & Constitution v. Long*, 258 Ga. 410, 411 (1) (369 SE2d 755) (1988).

[5] *Dempsey v. Gwinnett Hosp. Sys., Inc.*, ___ Ga. App. ___, Slip op. at 12 (Case No. A14A1427; decided November 21, 2014) (punctuation omitted).