302 Ga. 288
FINAL COPY

S17A1014.  OLSEN v. THE STATE.

BENHAM, Justice.

Appellant Robert Olsen was formerly a police officer who was indicted for felony murder and other charges related to the shooting death of an unarmed suspect.  The shooting occurred when Olsen responded to a suspicious person report at a DeKalb County apartment complex and ultimately shot the individual who was the subject of the report.  Olsen asserts he acted in self-defense.  Olsen filed a motion to dismiss the indictment on the ground that unauthorized persons were present in the grand jury room during the prosecutor's presentation of evidence.  After conducting a hearing, the trial court denied this motion in a detailed order setting forth the circumstances of the evidentiary proceedings before the grand jury and the applicable law, and then granted a certificate of immediate review.  This Court granted appellant's request for interlocutory appeal in an order identifying the following questions as being of particular concern:

1. Whether the presence of witnesses, non-lawyer and lawyer spectators during the presentation of evidence to the grand jury during the proceedings leading to the defendant's indictment in this case violated the recognized need for grand jury secrecy and compromised the grand jury's independence from outside influence?
2. Whether the defendant was prejudiced by the presence of these individuals such that the trial court erred in refusing to dismiss his indictment?

After reviewing the record and considering the parties' arguments, we affirm.

1. As Olsen points out, the subjects of grand jury proceedings usually have no insight into the conduct of the proceedings because, in most cases, the subject has no right to be present. At the time of the proceeding in question, however, former OCGA § 17-7-52 permitted law enforcement officers facing criminal charges arising out of the performance of their duties to be present during the presentation of evidence to the grand jury, along with counsel.[1] As a result, Olsen witnessed the presentation of evidence to the grand jury that ultimately returned an indictment against him, and observed the manner in which the proceedings were conducted. The parties stipulated

---

[1] Prior to its amendment in 2016 (see Ga. L. 2016, p. 186, § 6/HB 941), OCGA § 17-7-52 afforded the same rights to law enforcement officers facing grand jury charges as were afforded to certain municipal, county, and state officers to be present, along with counsel, at the presentation of evidence to a grand jury by OCGA § 45-11-4. That Code section was also amended in 2016 to, among other things, delete that provision. See Ga. L. 2016, p. 186, § 8/HB 941.

at the motion hearing that as many as twelve to fourteen individuals were present during some or all of the presentation of evidence to the grand jury in this case: appellant and his three attorneys, who were permitted to be present two at a time; the then-serving DeKalb County district attorney who planned to try the case; five assistant district attorneys, one or more of whom were present at various times during the proceedings for the purpose, according to the State, of handling witnesses and observing testimony; several staff members of the district attorney's office who, according to the State, assisted with audio visual equipment and facilitated the orderly presentation of witnesses; a court reporter who was present for the duration of the proceedings but recorded only Olsen's testimony; and an expert retained by the State who observed the proceedings and testified after Olsen had testified.

Clearly, neither the district attorney nor members of the district attorney's staff may be present while the grand jury is deliberating or voting. See *Colon v. State*, 275 Ga. App. 73, 77 (3) (619 SE2d 773) (2005). The issue in this case, however, concerns the secrecy and confidentiality of the evidentiary stage of grand jury proceedings. While federal rules strictly specify what persons are authorized to be present during the presentation of

3

evidence to the grand jury,[2] no such limitation exists pursuant to Georgia statutory law or procedural rules. Olsen urges that, even absent a statutory basis for such a limitation, this Court should look to the common law and the historical importance of grand jury secrecy and should impose a limit on the number of people who may be present during the presentation of evidence to the grand jury. At the least, Olsen asks this Court to hold that the indictment in this case should be set aside as a result of the number of individuals present during the proceedings.

Despite the absence of express rules in this state governing who may be present during the presentation of evidence to the grand jury, law does exist addressing the secrecy of grand jury proceedings, and we look to that law for guidance. "There is no doubt that the preservation of the secrecy of grand jury proceedings is a well-recognized principle in Georgia." (Citation and punctuation omitted.) *In re Gwinnett County Grand Jury*, 284 Ga. 510, 512 (668 SE2d 682) (2008) (reviewing a civil investigative matter of the grand jury, but noting that no distinction is drawn between the grand jury secrecy requirements applicable to its civil investigative role and its criminal accusatory role). Toward that end, Georgia common law clearly recognizes

---

[2] See Fed. R. Crim. P. 6 (d) (1).

the secrecy of grand jury deliberations and, as noted above, establishes that no members of the prosecutorial staff may be present during this stage of the proceedings. See *Colon*, supra. Statutory law addressing the secrecy of grand jury proceedings, however, has changed over time. Commencing in 1812, the legislature provided an oath for grand jurors that required all matters presented to the grand jury to be kept secret. See Laws 1812, Cobb's 1851 Digest, p. 551. That law remained essentially intact until 1994, when the legislature substantially expanded the secrecy rule by enacting a law that required the prosecuting attorney as well as members of the grand jury to "keep secret anything occurring in the grand jury room . . . ." Ga. L. 1994, p. 874, § 1. In 1995, the current version of the grand jury secrecy statute, codified at OCGA § 15-12-67, was enacted which requires each member of the grand jury to take an oath to "keep the deliberations of the grand jury secret . . . ."[3] Notably, the oath of secrecy no longer extends to the State's

---

[3] OCGA § 15-12-67 (b) requires each member of the grand jury to take the following oath:

> You, as foreperson (or member) of the grand jury for the County of _____, shall diligently inquire and true presentment make of all such matters and things as shall be given you in the court's charge or shall come to your knowledge touching the present service; and you shall keep the deliberations of the grand jury secret unless called upon to give evidence thereof in some court of law in this state. You shall present no one from envy, hatred, or malice, nor shall you leave anyone unpresented from fear, favor, affection, reward, or the hope thereof, but you shall present all things truly and as they come to your knowledge. So help you God.

5

attorney, and even the grand jurors' oath encompasses only deliberations and not all things occurring in the grand jury room.[4]

We have identified no limitation in Georgia law on the number of persons in the prosecutor's staff that may be present during the evidentiary stage of proceedings. The legislature's change in the oath of secrecy with respect to the grand jury, however, bears significance to the inquiry of whether the law of Georgia requires such a limitation. When this Court considers the meaning of a statute we "presume that the General Assembly meant what it said and said what it meant." (Citation and punctuation omitted.) *Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013). Accordingly, had the General Assembly intended to provide a new limitation on the number of people who could be present at the evidentiary stage of a grand jury proceeding it could have done so, but it did not. It did, however, change the law to make the secrecy requirement less restrictive than was previously the case. Additionally, we note that the oath of secrecy applicable to court reporters who attend grand jury proceedings requires the court reporter to keep secret all things coming to that person's knowledge as a

---

[4] Additionally, grand jury witnesses are not sworn to secrecy, but are required only to swear to give truthful testimony. See OCGA § 15-12-68.

result of grand jury attendance. See OCGA § 15-12-83 (a).[5] The legislature clearly knew, at the time of this proceeding, how to make explicit its intent to require secrecy of persons attending the evidentiary stage of a grand jury proceeding, but it did not impose that requirement on either the grand jurors or the prosecuting attorney. We must presume the legislature's failure to impose such a requirement "was a matter of considered choice." *Pandora Franchising, LLC v. Kingdom Retail Group, LLLP*, 299 Ga. 723, 726 (1) (a) (791 SE2d 786) (2016). Given that presumption, we decline to extend the requirement of secrecy applicable to grand jury proceedings in Georgia beyond that which is currently imposed by statute. The expansion of grand jury secrecy requirements, if an expansion is to be made, is properly the domain of the legislature or the appropriate procedural rule-making body. We similarly conclude that any strict limitation on the number of persons who may be present during the presentation of evidence to the grand jury is an issue for the legislature, not the courts.

---

[5] Both the former version of the oath that was in effect at the time this grand jury was convened (former OCGA § 15-12-83 (b) (see Ga. L. 1982, p. 2107, § 13)) and the current OCGA § 15-12-83 (a) contain an identical oath for court reporters attending a grand jury proceeding: "I do solemnly swear that I will keep secret all things and matters coming to my knowledge while in attendance upon the grand jury, so help me God."

We are not convinced that the presence of a state expert witness, along with lawyer and non-lawyer members of the district attorney's staff, during the presentation of evidence to the grand jury in this case violated the need for grand jury secrecy or compromised the grand jury's independence from outside influences. The United States Supreme Court has noted several interests served by the confidentiality of grand jury proceedings.

> First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

*Douglas Oil Co. v. Petrol Stops Northwest*, 441 U. S. 211, 219 (II) (99 SCt 1667, 60 LE2d 156) (1979).[6] Primarily, these interests relate to promoting free and frank disclosure of information to the grand jury, and Olsen fails to demonstrate how the presence of individuals from the prosecutor's office or

---

[6] See also *In re Grand Jury Subpoena, Judith Miller*, 493 F3d 152, 154 (D.C. Cir. 2007):
Grand jury investigations are conducted in strict secrecy to encourage witnesses to testify fully and frankly, to prevent those about to be indicted from fleeing, and to ensure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.
(Citation and punctuation omitted.)

8

the presence of an expert witness throughout the evidentiary presentation impaired the ability of the grand jury to obtain the frank testimony of grand jury witnesses. For example, he fails to demonstrate that their presence was intimidating or that it squelched or influenced any witness' testimony. Certainly, the concern that witnesses might not be forthcoming if they knew the accused would become aware of their testimony due to the presence of these individuals is not applicable in a case where, as here, the accused himself was present during the presentation of testimony, as allowed by then-applicable law. Even in the more typical case in which the accused may not attend the proceedings (which, at this time, includes all criminal grand jury proceedings regardless of the official status of the targeted individual), we decline to create a rule by case law about who may be present during the evidentiary stage of grand jury proceedings that might constrain the district attorney's flexibility in conducting the proceedings. The State acknowledged at the motion to dismiss hearing that some of the individuals were present to assist in evaluating the effectiveness and credibility of grand jury witnesses who might be called at trial. As a result, Olsen characterizes the proceedings in this case as a "mock trial." Regardless of the purpose these individuals served, Olsen has not demonstrated that, in general, the presence of

9

additional members of a prosecutor's staff or the presence of an expert witness during the evidentiary stage of grand jury proceedings compromises grand jury secrecy or makes the grand jury more vulnerable to outside influences.

This does not mean that prosecutors have unfettered discretion to invite mere spectators to grand jury proceedings. Olsen asks whether, if no limits are imposed by this Court with respect to who may attend the evidentiary stage of grand jury proceedings, a district attorney could invite, for example, a news reporter to observe the proceedings, or a high school or law school class. While such extreme hypotheticals may well violate the confidentiality and purpose of grand jury proceedings, such concerns are not present in a case, such as here, where each individual present at the evidentiary stage of the grand jury proceeding was either a member of the district attorney's staff brought in to assist or participate in the proceedings, or, in the case of the expert witness, was an individual retained by the district attorney to testify. That an expert witness observed the testimony of other witnesses violates no express rule in Georgia. Nevertheless, we caution prosecutors to take care to conduct grand jury proceedings in a manner that does not discourage witnesses from testifying fully and frankly, that protects against the risk that

10

the accused might flee to avoid prosecution, and that ensures persons who are ultimately not indicted are not the subject of public ridicule. See *In re Grand Jury Subpoena, Judith Miller*, 493 F3d 152, 154 (D.C. Cir. 2007).

2.      Olsen admits he cannot present evidence of actual prejudice as a result of the presence, during the evidentiary stage of the grand jury proceeding, of those individuals that are the subject of his objection. Even under the more restrictive rules governing federal grand jury proceedings, an indictment may not be dismissed for errors in the proceedings that violate those rules unless the errors prejudiced the defendant. See *Bank of Nova Scotia v. United States*, 487 U. S. 250, 254 (I) (108 SCt 2369, 101 LE2d 228) (1988) (holding an indictment was not subject to dismissal even though, under applicable federal rules, unauthorized persons were present during the presentation of evidence to the grand jury because no prejudice was demonstrated).[7]  Pursuant to Georgia statutory law, neither grand jury members, prosecutors, nor grand jury witnesses are bound to secrecy regarding the evidence presented to the grand jury. See OCGA §§ 15-12-67 (b) and 15-12-68. As noted in Division 1, the interests served by the

---

[7] Several state courts have also required a showing of prejudice in order to support the dismissal of an indictment because of the presence of an unauthorized person before the grand jury. See, e.g., *State v. Summer*, 76 P3d 963, 967-968 (Idaho 2003); *Hubbell v. State*, 754 NE2d 884, 888 (Ind. 2001).

11

confidentiality of grand jury proceedings primarily include the State's interests in preventing witnesses from being reluctant to come forward with incriminating testimony, preventing witnesses from being in fear of retribution from the accused, and preventing the person at risk of indictment from fleeing or influencing witnesses or grand jurors. See *Douglas Oil*, supra, 441 U. S. at 219 (II); see also *Howard v. State*, 60 Ga. App. 229 (4 SE2d 418) (1939). The record does not reveal any such interests were compromised in this case. And the interest of the accused in assuring that persons who are accused but not indicted by the grand jury are not held up to public ridicule is not present in this case because Olsen was indicted. Consequently, Olsen can demonstrate no prejudice by the number of persons from the prosecutor's office who were present at these proceedings, or by the presence of the expert witness who also testified.

Dismissal of an indictment is an extreme sanction, "used only sparingly as [a remedy] for unlawful government conduct." *State v. Lampl*, 296 Ga. 892, 896 (2) (770 SE2d 629) (2015). No unlawful conduct is shown in this case, and no prejudice is demonstrated by the manner in which the prosecutor conducted the evidentiary stage of the grand jury proceedings. Accordingly, the order denying Olsen's motion to dismiss the indictment is affirmed.

Judgment affirmed.  All the Justices concur.

Decided October 16, 2017.

Murder, etc. DeKalb Superior Court. Before Judge Boulee.

Garland, Samuel & Loeb, Donald F. Samuel, Amanda R. Clark Palmer, Donald C. English, for appellant.

Sherry Boston, District Attorney, Anna G. Cross, Christopher W. Timmons, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.