**FIRST DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and WATKINS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**February 26, 2026**

# In the Court of Appeals of Georgia

A25A1537. JACKSON v. THE STATE.

BARNES, Presiding Judge.

Following his indictment and 2016 jury trial, Quantavious Jackson was found guilty of four counts of trafficking of persons for sexual servitude. He subsequently filed an untimely notice of appeal from the denial of his motion for new trial, which this Court dismissed for lack of jurisdiction. Proceeding pro se in the current appeal, Jackson contends that the trial court erred in denying his "Motion to Inspect the Grand Jury Minutes." Following our review, and for the reasons that follow, we dismiss the appeal.

In November 2024, Jackson filed a request in Gwinnett Superior Court for the clerk to provide him with copies of his arrest warrant and affidavit, police report, and

"the minutes upon the grand jury returning [the] indictment." The Clerk responded and provided Jackson with copies of the arrest warrant and the indictment, but informed him that the grand jury transcript was not filed with the trial court and that grand jurors "keep their deliberation secret unless called upon to give evidence in a court of law."

On February 13, 2025, Jackson filed a motion to inspect the grand jury minutes asserting, among other things, that federal courts and the Federal Rules of Criminal Procedure provide for the "disclosure of grand jury transcripts ... when permitted by a court at the request of the defendant." The trial court denied the motion, citing as controlling precedent *In re Gwinnett County Grand Jury*, 284 Ga. 510 (668 SE2d 682) (2008). In that case, the Georgia Supreme Court considered "whether documents and recorded testimony presented to a grand jury carrying out its statutory civil responsibility to inspect or investigate any county office or its operations are 'court records' available for public inspection under Uniform Superior Court Rule (USCR) 21." Id. at 510.[1] The Court concluded that documents related to the grand jury's

---

[1] USCR 21 provides that "[a]ll court records are public and are to be available for public inspection unless public access is limited by law or by the procedure set forth below."

investigation are not court records and "the term 'court records' as used in USCR 21 encompasses only the presentments made by the grand jury in open court at the conclusion of the grand jury's investigation." Id at 513.[2] The Court emphasized the need for "secrecy" during grand jury deliberations to protect and ensure the integrity of the investigations, and concluded as proper the trial court's denial of access to, among other things, the minutes, testimony, and reports related to the grand jury's investigation. Id. Although *In re Gwinnett* involved a grand jury in a civil case, our Supreme Court affirmed that the principle also applies to criminal cases, finding "no statutory distinction drawn between the criminal accusatory and civil investigative roles of the grand jury with regard to the requirement that secrecy be maintained." Id.

On appeal, Jackson argues that regardless of whether the documents can be classified as court records, he has the right of access to the grand jury's documents pursuant to federal law, specifically citing Federal Rules of Criminal Procedure 6 (e)

---

[2] OCGA § 15-12-71 (b)(3) provides that the grand jury "may prepare reports or issue presentments based upon its inspections as provided for in this subsection, and any such presentments shall be subject to publication as provided for in OCGA § 15-12-80." OCGA § 15-12-80 authorizes the grand jury to "recommend to the court the publication of the whole or any part of their general presentments and to prescribe the manner of publication. When the recommendation is made, the judge shall order the publication as recommended."

3

(3) (E) (ii) which, in pertinent part, provides as an exception to the general rule of grand jury secrecy, "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."

Jackson's assertions regarding certain federal procedural provisions are not binding to Georgia courts and, moreover, Georgia precedent confirms the absolute secrecy of grand jury proceedings absent a "compelling necessity." *Kesler v. State*, 249 Ga. 462, 474 (10) (291 SE2d 497) (1982) (quotation marks omitted). See generally OCGA § 15-12-67 (b) (providing in oath that grand jurors "shall keep the deliberations of the grand jury secret unless called upon to give evidence thereof in some court of law in this state"); OCGA § 24-5-501 (a) (3) ("There are certain admissions and communications excluded from evidence on grounds of public policy, including ... [c]ommunications among grand jurors"). Jackson's assertions include allegations of perjury and fabricated evidence, challenges to the composition of the grand jury and indictment, personal and subject matter jurisdiction, and that he was "completely innocent." Thus, rather than demonstrate a compelling necessity for access to the materials from the grand jury deliberations, his contentions, in essence, amount to a challenge to his conviction. See *Marshall v. State*, 229 Ga. 841, 841 (1) (195 SE2d 12)

4

(1972) (substance controls over nomenclature in consideration of pleadings); *Sledge v. State*, 312 Ga. App. 97, 98 (1) (717 SE2d 682) (2011) ("[c]ourts should examine the substance of a motion, rather than its nomenclature, to determine what sort of relief is sought"). Such a challenge, however, "is not one of the established procedures for challenging the validity of a judgment in a criminal case." *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). See also *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) ("[A] claim that a conviction was unlawful must be asserted by a motion for new trial, direct appeal from the judgment of conviction, extraordinary motion for new trial, motion in arrest of judgment, or petition for the writ of habeas corpus"); *Harper v. State*, 286 Ga. 216, 217 (1) (686 SE2d 786) (2009) (noting the established procedures for challenging the validity of a judgment in a criminal case after the time foe direct appeal has passed: an extraordinary motion for new trial, OCGA § 5-5-41, a motion in arrest of judgment, OCGA § 17-9-61, or a petition for habeas corpus, OCGA § 9-14-40).

Thus, as Jackson was not authorized to seek relief from his criminal convictions outside of the statutorily established procedures, there is nothing for this Court to review and his direct appeal is subject to dismissal. *Roberts*, 286 Ga. at 532 (appellant's

motions sought to set aside or vacate his criminal convictions, but because he was not authorized to seek relief from his criminal convictions pursuant to motions to vacate or correct a void conviction, the appeal was subject to dismissal); *Harper,* 286 Ga. at 218 (2) (dismissing appeal where appellant was not entitled to file a motion to vacate his criminal conviction); *Garza v. State*, 325 Ga. App. 505, 507 (1) (753 SE2d 651) (2014) (finding that arguments concerning grand jury irregularity were challenges to validity of conviction). Compare *Hambrick v. Brannen*, 289 Ga. 682 (715 SE2d 89) (2011) (reaching merits of claim that right to counsel was violated during an underlying probation revocation proceeding, where claim had been asserted within a petition for writ of habeas corpus).

Accordingly, this appeal is dismissed.

*Appeal dismissed. Brown, C. J., and Watkins, J., concur.*