S94A1367. COLLINS v. AMERICAN TELEPHONE &
TELEGRAPH COMPANY et al.
(456 SE2d 50)

BENHAM, Presiding Justice.

"This court must inquire into its own jurisdiction. [Cits.]" *Collins v. State,* 239 Ga. 400 (236 SE2d 759) (1977). This is an appeal from a decision of a superior court overturning an income tax ruling of the State Revenue Commissioner. In the application for discretionary appeal and in the notice of appeal filed following our grant of the discretionary appeal, appellant based the invocation of this court's appellate jurisdiction on *Collins,* supra, Division 3, wherein this court ordered that cases "involving the revenues of the state" be docketed in this court.

> The *Collins* decision was necessitated by an enactment of the legislature attempting to change Supreme Court jurisdiction by statute. The act at issue stated in part "The Supreme Court shall have jurisdiction of the trial and correction of errors of law in cases involving State revenue, contested elections, and the validity of legislative enactments of municipalities." Ga. L. 1977, pp. 710-711. After holding the legislature could not by statute change the constitutional jurisdiction of this court, we ordered the above-stated classes of cases to be docketed in the Court of Appeals and transferred to "effectuate the legislative intent of Act No. 299, Ga. L. 1977, p. 710." *Collins,* at 403.

*DeKalb County Bd. of Tax Assessors v. W. C. Harris Co.,* 248 Ga. 277, 278 (282 SE2d 880) (1981).

When this state adopted a new constitution in 1983, the jurisdictional changes made by *Collins* were incorporated, with one significant exception: this court was not given jurisdiction over cases involving revenues of the state. In Art. VI, Sec. VI, Par. II, Ga. Const. 1983, this court is given exclusive appellate jurisdiction over, inter alia, challenges to the constitutionality of ordinances and election contests, two categories of cases over which this court took jurisdiction in *Collins.* No reference is made, however, to cases involving revenues of the state in that paragraph or in the following paragraph, Art. VI, Sec. VI, Par. III, Ga. Const. 1983, in which the general appellate jurisdiction of the Supreme Court is specified. Since the legislature may be

presumed to have proposed the new constitutional division of jurisdiction with full knowledge of the existing law (see *Hollifield v. Vickers*, 118 Ga. App. 229, 234 (162 SE2d 905) (1968)), we must conclude that it was the intent of the legislature in drafting the new constitution that this court not have appellate jurisdiction over cases involving revenues of the state.

The jurisdiction of the Court of Appeals is established in Art. VI, Sec. V, Par. III, Ga. Const. 1983, as "all cases not reserved to the Supreme Court or conferred on other courts by law." Since the enactment of the 1983 Constitution superseded this court's order in *Collins* assuming jurisdiction over cases involving revenues of the state (see *Sutton v. State*, 223 Ga. 313 (1) (154 SE2d 578) (1967)), and such cases are not, therefore reserved to the Supreme Court, it follows that they are within the appellate jurisdiction of the Court of Appeals. Accordingly, this case and all cases now pending which involve revenues of the state and have been docketed in this court on the basis of *Collins v. State*, supra, will be transferred to the Court of Appeals. Since this case could only be heard on appeal pursuant to the grant of a discretionary appeal application, the Court of Appeals may consider the case as it would if it had granted the application. All future appeals and applications for appeal involving revenues of the state, as to which jurisdiction in this court is not proper for other reasons, are to be docketed in the Court of Appeals.

*Transferred to the Court of Appeals. All the Justices concur. Sears and Thompson, JJ., disqualified.*

DECIDED FEBRUARY 20, 1995.

*Michael J. Bowers, Attorney General, Daniel M. Formby, Warren R. Calvert, Senior Assistant Attorneys General,* for appellant.

*Troutman Sanders, David F. Golden, Norman L. Underwood, William N. Withrow, Jr.,* for appellees.