S98O0949. IN RE MOTION OF
ATLANTA JOURNAL-CONSTITUTION.
(502 SE2d 720)

PER CURIAM.

The Atlanta Journal and Constitution (AJC) filed an original motion in this Court, asserting the presence of jurisdiction here pursuant to Uniform Superior Court Rule 21.5, which provides that an order limiting access to court records may be amended by this Court "at any time on its own motion or upon the motion of any person for good cause." The order attacked by AJC seals the record of a suit seeking to establish paternity of the plaintiff.

Since it is incumbent on this Court to examine its own jurisdiction (*Collins v. AT & T*, 265 Ga. 37 (456 SE2d 50) (1995)), we address first the question of the route by which a matter such as this must come to this Court. The sealing of court records is controlled by Uniform Superior Court Rule 21. Review of orders limiting access to court records is provided for in Rule 21.4: "An order limiting access may be reviewed by interlocutory application to the Supreme Court." It is apparent from the phrasing of the rule that there is no right under the rule to file an original action in this Court. Instead, one seeking review of a trial court's order restricting access to court records must file an application with this Court. It is important to note, however, that the rule does not make reference to OCGA § 5-6-34, which leads to the conclusion that "interlocutory," as used in this rule, is used in its generic sense of "interim," or, "not final," (Black's Law Dictionary, 5th ed.), and thus does not import the full procedural structure of interlocutory appeals under that section. That being so, there is no need for a certificate of immediate review, and the time limits imposed by the Code section do not apply. The application must, however, contain a copy of the order sought to be reviewed, must set forth the need for review by this Court, and must contain a certificate showing that the petition has been served on the parties to the civil matter in the trial court. The parties shall have ten days in which to file a response to the application, after which this Court will grant or deny the application. If the application is granted, the applicant shall file a notice of appeal in the trial court, following which the appeal shall be the same as in an appeal from a final judgment.

As noted above, AJC bases its claim of original jurisdiction in this Court on USCR 21.5, which provides as follows: "Upon notice to all parties of record and after hearing, an order limiting access may be reviewed and amended by the court entering such order or by the Supreme Court at any time on its own motion or upon the motion of any person for good cause." Because the right to file actions directly in this Court is severely limited and will not be enlarged upon, we construe the word "motion" in that rule, insofar as it applies to this

Court, to be synonymous with "application" as it is used in USCR 21.4. Thus, whether a person seeks review by this Court under USCR 21.4 or amendment by this Court under USCR 21.5, the procedure will be the same: an application must be filed with this Court, upon the grant of which the appeal will proceed in the same fashion as other appeals.

In the present matter, AJC has proceeded as though USCR 21.5 gave it the right to file a motion in this Court as an original action. Because AJC failed to file an application for appeal in the form set out above, its motion must be dismissed for lack of jurisdiction.

*Motion dismissed. All the Justices concur.*

DECIDED JULY 13, 1998.

*Long, Aldridge & Norman, F. T. Davis, Jr., Lawrence A. Slovensky,* for appellant.

*Warner, Mayoue & Bates, C. Wilbur Warner, Jr., John C. Mayoue, Kilpatrick Stockton, A. Stephens Clay, Susan A. Cahoon, James R. Kanner, Powell, Goldstein, Frazer & Murphy, William J. Linkous, Jr.,* for appellees.