S10A0044. R. A. F. et al. v. ROBINSON et al.
(690 SE2d 372)

THOMPSON, Justice.

David E. Friedman appeals individually as well as on behalf of his minor daughter R. A. F., from an order of the trial court dismissing a petition for a writ of mandamus as amended.[1] Finding no error, we affirm.

On October 23, 2007, Friedman was notified that R. A. F. experienced a bathroom soiling accident while attending an after-school program at the Marcus Jewish Community Center ("the center"). Following that incident, appellants lodged complaints of child abuse and neglect against the center with the Georgia Department of Early Care and Learning (DECAL), the Georgia Department of Human Resources (DHR), and DHR's DeKalb County Department of Family and Children Services, alleging that R. A. F. was directed to remove soiled diaper wipes from the toilet as punishment for the accident. DECAL and DHR, along with their respective department commissioners, are appellees to this appeal.

It is undisputed that appellees regulate early care and educational programs in the state of Georgia and are empowered to investigate allegations of child abuse, neglect, and deprivation which occur while a child is in the care of such a program; and pursuant to that authority appellees investigated appellants' complaints and rendered final decisions, concluding that no maltreatment of R. A. F. had occurred.

Appellants then filed a petition for writ of mandamus, which they amended several days later, and in which they acknowledged

---

[1] David E. Friedman is an attorney duly licensed to practice law in the state of Georgia, and has been admitted as a member of the Bar of this Court. In the trial court and on appeal, Friedman represented himself pro se as well as his minor daughter; both are designated collectively as appellants herein.

that both DECAL and DHR undertook investigations and issued final reports in the matter. Appellees jointly filed a motion to dismiss the petition as amended. Appellants followed with a "second amended and restated petition for mandamus," eliminating certain claims stated in the original petition, and generally alleging that appellees failed to follow their own regulations in investigating appellants' allegations and in concluding that the actions of the center's employee did not constitute child abuse or neglect.

The trial court conducted a hearing on the motion to dismiss and entered a written order dismissing the petitions with prejudice on May 18, 2009. On May 28, 2009, appellants filed a motion for reconsideration, or in the alternative, application for certificate of immediate review, as well as a "third amended and restated petition for mandamus." Appellees opposed all post-dismissal motions. Appellants sought and obtained leave to file an out-of-time appeal from the May 18, 2009 order, pursuant to which a timely notice of appeal was filed on July 14, 2009. On July 29, 2009, the trial court entered another order dismissing the petition for mandamus with prejudice as well as all motions and amended petitions filed by appellants.[2] In explanation for its ruling, the court noted that the: "requested action is moot; [petitioners] failed to state a claim upon which relief can be granted; [petitioners] failed to assert a clear legal right [to the requested relief]; and [petitioners] have an adequate remedy at law."

1. In several enumerations of error, appellants assert that the trial court erred in dismissing the second amended petition for mandamus.

"In reviewing the grant of a motion to dismiss, an appellate court must construe the pleadings in the light most favorable to the appellant with all doubts resolved in the appellant's favor. A motion to dismiss should only be granted if the allegations of the complaint, construed most favorably to the plaintiff, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts."

*Ewing v. City of Atlanta*, 281 Ga. 652, 653 (2) (642 SE2d 100) (2007).

---

[2] We note that "even though a notice of appeal may [in certain circumstances] divest the trial court of jurisdiction, such divestiture does not become effective during the period in which a motion for new trial may be filed." *Griffin v. Loper*, 209 Ga. App. 504, 505 (433 SE2d 653) (1993). As the 30-day time period for filing a motion for new trial had not expired when the trial court entered its second order dismissing all appellant's claims, the court retained jurisdiction to enter the order. Id.; OCGA § 5-5-40.

> Mandamus is an extraordinary remedy to compel a public officer to perform a required duty when there is no other adequate legal remedy. It is a discretionary remedy that courts may grant only when the petitioner has a clear legal right to the relief sought or the public official has committed a gross abuse of discretion. [Cits.] In general, mandamus relief is not available to compel officials to follow a general course of conduct, [cit.] perform a discretionary act, [cit.] or undo a past act. [Cit.]

*Bland Farms v. Ga. Dept. of Agriculture*, 281 Ga. 192, 193 (637 SE2d 37) (2006). Furthermore, once the public duty has occurred, the "prayer that mandamus be issued compelling [a public officer] to perform that public duty is moot." *Merry v. Williams*, 281 Ga. 571, 572 (1) (642 SE2d 46) (2007). Appellants acknowledge that appellees have exercised their discretion in performing the act of investigating the allegations against the center and in issuing their final reports. The relief prayed for in the second amended petition is that the court "order each agency to re-open the respective investigations [and] correct all errors and failures to follow [applicable] law, state regulations and agency rules." "Mandamus can be used to compel an official to exercise his or her discretion, but not to direct the manner in which that discretion is exercised." *Bland Farms*, supra at 193. In addition, because appellees had already acted in investigating the complaints of child abuse and neglect before appellants filed their mandamus petition, the requested action was moot. Thus, the trial court correctly found that the petition for mandamus is subject to dismissal because appellants failed to state a claim for mandamus relief; there was no clear legal right to the relief requested; and the requested action is moot.[3]

2. Nor did the trial court err in dismissing the third amended petition for mandamus, filed after judgment had been entered in the case. Under the Civil Practice Act, "[a] party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order. Thereafter the party may amend his pleading only by leave of court or by written consent of the adverse party." OCGA § 9-11-15 (a). Appellants did not obtain leave of the court to amend the petition, and appellees expressly opposed all post-judgment filings. Even accepting appellants' assertion that the case was still within the breast of the court as the term had not

---

[3] In addition, in his first mandamus petition Friedman alleged that he holds "an interest and/or cause of action against the [center] and one or more of its current or former employees," thus acknowledging an adequate remedy at law. This statement was eliminated in the subsequent amended petitions.

yet ended when the third amended petition was filed, "once a verdict is returned or a motion for directed verdict is sustained, it is too late to amend even pending remittitur." *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 605 (203 SE2d 173) (1974). See also *Kace Investments v. Hull*, 278 Ga. App. 477, 482 (1) (a) (629 SE2d 26) (2006) (while the right to amend "is very broad, it may not be exercised after a case has been tried and a judgment rendered therein which has not been set aside or vacated"). Compare *Skylake Property Owners Assn. v. Powell*, 281 Ga. App. 715 (3) (637 SE2d 51) (2006) (a petition could be amended without leave of the court where there was no pretrial order and no ruling on a motion for summary judgment). Thus, the trial court did not abuse its discretion in dismissing appellants' attempt to amend the petition post-judgment. *Summer-Minter*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 1, 2010 —
RECONSIDERATION DENIED MARCH 15, 2010.

*David E. Friedman*, pro se.
*Thurbert E. Baker, Attorney General, Elizabeth M. Williamson, Jason S. Naunas, Assistant Attorneys General*, for appellees.