S10A0907. JENKINS v. WALKER et al.
(700 SE2d 362)

MELTON, Justice.

Following the trial court's grant of summary judgment in favor of the Georgia Department of Human Services (DHS), among others,[1] Barry Jenkins appeals, contending that the trial court erred by denying his actions for declaratory judgment and mandamus. In both actions, Jenkins contends that the Georgia Department of Family and Children Services (DFACS) improperly placed him on a child abuse registry after entering into a safety plan with his wife following allegations of child abuse. For the reasons set forth below, we affirm.

In the light most favorable to Jenkins, the record shows that, in late August 2008, Jenkins' wife, Christina, voluntarily informed DFACS that Jenkins, whom she was in the process of divorcing, had abused their children. On August 21, 2008, DFACS entered a safety plan with Jenkins' wife, whereby she agreed to keep Jenkins from having contact with the children until DFACS determined that it was

---

[1] The named defendants included: B. J. Walker, in his capacity as Commissioner of DHS; Mark Washington, in his capacity as Assistant Commissioner of DFACS; DHS; DFACS; and Thurbert Baker, in his capacity as Attorney General for the State of Georgia.

safe for him to do so. In recognition of the continuing divorce proceedings, DFACS issued a revised safety plan on August 26, 2008, in which Jenkins' wife agreed to take the matter up with the trial court presiding over the divorce. Testimony showed that these safety plans are not agreements which may be enforced by DFACS. They are merely suggested actions designed to prevent any need for DFACS to take custody of children who are the subject of a safety plan. On October 24, 2008, DFACS wrote Jenkins and notified him that an investigation substantiated the claims of abuse or neglect. There is no evidence that Jenkins made a direct challenge to the safety plan at the time that it was initiated, and DFACS closed its case regarding the Jenkins' four children in 2008.

Jenkins did challenge the safety plan during divorce proceedings. The divorce court reviewed the contents of the safety plan while considering custody of the Jenkins' children. At first, it appears that the divorce court simply incorporated the safety plan into a temporary order issued in December of 2008. DHS, however, contacted the divorce court, indicated that safety plans are not binding on the parents, and requested the divorce court to make an independent finding and decision with regard to custody of the children.

Unhappy with the proceedings in divorce court, on June 2, 2009, Jenkins filed an action against DHS seeking mandamus and declaratory judgment relief. The relief requested by Jenkins was essentially two-fold: (1) that DFACS be ordered to remove his name from any child abuse registry and inform the divorce court that the investigation had been closed and (2) that the safety plans agreed to by his wife be declared unconstitutional violations of due process pursuant to OCGA § 49-5-180 et seq.[2]

DHS filed a motion to dismiss Jenkins' claims, and this motion was ultimately converted into a motion for summary judgment. Granting DHS's motion, the trial court found that: (1) Jenkins' declaratory judgment and mandamus requests were barred by sovereign immunity, and, even if they were not, Jenkins could not use declaratory judgment or mandamus to relitigate the divorce court's decision regarding child custody; (2) a requested name-clearing hearing was not necessary because Jenkins had the chance to litigate and challenge DHS's findings in the divorce proceedings, and (3) because DHS did not keep any child abuse registry and the act creating that registry had been deemed unconstitutional by this

---

[2] More specifically, Jenkins maintained that: (1) he was entitled to a name-clearing hearing; (2) DFACS should be required to dismiss its investigation of him and inform the divorce court about this dismissal; (3) DFACS should be required to remove his name from its child abuse registry; and (4) DFACS' imposition of a safety plan without notice to him and without agreement of both parents should be declared unconstitutional.

Court, Jenkins' claims in that regard were unfounded. Jenkins now appeals these decisions.

Pretermitting the question of whether Jenkins' declaratory judgment or mandamus actions are barred by sovereign immunity, the trial court's decisions are sound. First, we agree with the trial court that Jenkins cannot now attempt to use mandamus and declaratory judgment to essentially relitigate and overturn custody decisions entered by the divorce court. The proper means to address custody would be to file the appropriate appeal or motions for a modification of custody in the divorce court. Second, Jenkins has not shown the necessity for a name-clearing hearing outside of the divorce proceedings where custody decisions were made. Again, to the extent that Jenkins wishes to revisit these decisions, he should take appropriate action in the divorce court.

Finally, Jenkins has failed to establish any violation of his due process rights with regard to the safety plans. In this regard, Jenkins' claims are based on the provisions of OCGA § 49-5-180 et seq. For example, Jenkins contends that his placement on the child abuse registry established by OCGA § 49-5-183.1 violates his due process rights because he did not have an adequate chance to defend against the claims made against him. In *State v. Jackson*, 269 Ga. 308 (1) (496 SE2d 912) (1998), this Court struck down the statute in its entirety, including the child abuse registry. In accordance with this ruling, DFACS no longer maintains such a registry, and Jenkins' claims based on any such registry are misplaced. Therefore, the trial court properly rejected Jenkins' request for a declaratory judgment that his rights under this statute had been violated.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 20, 2010.

*David E. Oles*, for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Assistant Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Elizabeth M. Williamson, Assistant Attorney General*, for appellees.