301 Ga. 609
FINAL COPY

S17A0039. THE MERCHANT LAW FIRM, P.C. v. EMERSON, JUDGE et al.

PETERSON, Justice.

Judge David T. Emerson, a superior court judge in Douglas County, issued an order denying a request by The Merchant Law Firm, P.C. (the "Firm") to obtain copies of audio recordings that a court reporter used in preparing trial transcripts. The Firm then filed a complaint seeking mandamus, injunctive relief, and a declaratory judgment in an attempt to copy the recordings. The trial court dismissed the complaint, and the Firm appeals. The Firm argues that it was entitled to the relief sought because (1) the right of access to court records, as provided by Uniform Superior Court Rules 21 through 21.6 ("Rule 21"), includes the right to make copies of the recordings, (2) the Firm lacked an adequate legal remedy to vindicate that right, and (3) public officials violated their public duties by refusing to allow the Firm to make copies. But the procedures available under Rule 21, including an appeal from Judge Emerson's order, constitute an adequate remedy at law. Accordingly, we affirm the

dismissal of the Firm's mandamus and injunctive claims, which require a showing that no such adequate remedy exists. We also affirm dismissal of the Firm's claim for declaratory judgment, because such a claim cannot be used as a collateral attack on Judge Emerson's order.

The record shows that in the course of representing criminal defendants in two cases, an attorney at the Firm participated in three hearings before Judge Emerson in June and October 2015. Each of these proceedings was open to the public and audio-recorded by court reporter Melinda Cantrell, who subsequently transcribed the hearings. On October 8, 2015, the Firm sent an e-mail to Cantrell requesting copies of the audio recordings of the three hearings. On October 9, Cantrell responded, stating that she had consulted with Judge Emerson, who advised that the Firm should file a motion in order to make a formal request for the recordings. Later that day, the Firm responded by e-mail to Cantrell (and copied to Judge Emerson) that "no such motion is needed, and any instruction that these tapes be withheld until a motion is filed (and presumably ruled upon) is contrary to the Court's rules and the long-established black-letter law in Georgia regarding the public's access to court records[,]" which the Firm argued included the requested recordings. On October 11, 2015, Judge Emerson issued

an order sua sponte in each of the two underlying criminal cases; the order allowed the Firm to listen to the recordings but expressly did not allow the Firm to make copies of the recordings or require Cantrell to do so.

Following further efforts to persuade Judge Emerson to reconsider his ruling, and to persuade Cantrell to reconsider her own refusal to provide copies of the recordings, the Firm filed the complaint in this case against Judge Emerson, Cantrell, and Cantrell's court reporting firm, CA-BO Enterprises, Ltd. (collectively, "Appellees"). The complaint did not specify in what capacity Appellees were sued. The complaint sought a writ of mandamus, alleging that the Firm, acting in its capacity as a member of the public, has a clear legal right to "inspect and copy" the audio recordings of the hearings, and that the Firm had exhausted all other avenues for relief and had no other adequate legal remedy to assert this right. The complaint also sought a declaratory judgment and an injunction compelling Appellees, as public officials, to provide copies of the recordings.[1] Appellees moved to dismiss the complaint, arguing (among other

---

[1] As to the significance of the recordings, the complaint alleged that "[t]he audio recordings, unlike the official written transcript, contain information regarding the demeanor and tone of the Court and counsel and, therefore, the actual audio recordings of the Hearings are necessary in order to formulate a complete understanding of these open court proceedings."

things) that the complaint's requested relief was unavailable because appealing Judge Emerson's October 11 order was an adequate legal remedy and the order could not be collaterally attacked by declaratory judgment.

The trial court dismissed the complaint, concluding that mandamus relief was unavailable because the Firm was offered the adequate legal remedy of listening to the audio recordings, and the Firm had not established a clear legal right to make copies of the recordings. The trial court also dismissed the claims for injunctive and declaratory relief, finding that the Firm faced no risk of future injury because the requested recordings would be preserved.

1. *Mandamus is unavailable because Rule 21 provides an adequate legal remedy.*

The Firm argues that the trial court erred in dismissing its mandamus claim, because the Firm's ability to listen to the recordings was not an adequate legal remedy, and it had a clear legal right to copies of the recordings. We agree that merely listening to the tapes is not an adequate legal remedy when the Firm has requested copies. Nevertheless, we conclude that the trial court was right to dismiss the mandamus claim because the Firm had an adequate legal remedy; unlike the trial court, we conclude that the adequate remedy was a request under

4

Rule 21 and an appeal from Judge Emerson's October 11 order denying that request. In arriving at this conclusion, we conclude that Rule 21 and its procedures apply to records in criminal cases (not merely civil), and a member of the public who has requested and been denied access to records need not take any affirmative action to become a party to the case before appealing the court's order denying that request.

"Mandamus is an extraordinary remedy to compel a public officer to perform a required duty when there is no other adequate legal remedy." (Citation and punctuation omitted.) R.A.F. v. Robinson, 286 Ga. 644, 646 (1) (690 SE2d 372) (2010); see also OCGA § 9-6-20. The Firm bears the burden to show that it lacks an adequate legal remedy so that an action for mandamus will lie. See Thompson v. Paulk, 265 Ga. 479, 479-480 (457 SE2d 665) (1995).

The Firm claims that it has a clear legal right to copies of the audio recordings at issue under Rule 21. That right, if it exists, may be vindicated by requesting the court records under Rule 21. To see why, we must review the scope of Rule 21 in order to understand how a member of the public, the alleged status in which the Firm seeks the audio recordings, may request court records.

5

(a) *Rule 21 provides non-party members of the public with the right of access to court records*.

Rule 21 governs the right of access to court records and the process for limiting that right with respect to specific records. "All court records are public and are to be available for public inspection unless public access is limited by law or by the procedure set forth below." USCR 21. Rule 21.1 states that "[u]pon motion by any party to any civil or criminal action, or upon the court's own motion, after hearing, the court may limit access to court files respecting that action. . . ." An order limiting access may be amended, as Rule 21.5 provides:

> Upon notice to all parties of record and after hearing, an order limiting access may be reviewed and amended by the court entering such order or by the Supreme Court at any time on its own motion or upon the motion of any person for good cause.

The text of the cited rules shows that Rule 21 provides a mechanism for non-parties to access court records. Rule 21 references public inspection and public access, while Rule 21.5 states that "any person" may move to amend an order limiting access. This language stands in contrast to Rule 21.1, which provides only parties to a case (or the court sua sponte) with the ability to seek a limitation on the public's ability to access certain records. As a whole, the

6

provisions of Rule 21 primarily govern the public's right of access, and these procedures establish that non-party members of the public have a right of access to court records. See In re Gwinnett County Grand Jury, 284 Ga. 510, 511 (668 SE2d 682) (2008) ("The rule embodies the right of access to court records which the public and press in Georgia have traditionally enjoyed, and presumes the public will have access to all court records." (citation and punctuation omitted)). Indeed, we have recognized that non-party members of the public may both request access to court records and appeal an order limiting the requested access. See USCR 21.4 ("An order limiting access may be reviewed by interlocutory application to the Supreme Court.");[2] see also In re Motion of

---

[2] In most cases, our appellate jurisdiction is prescribed by the Constitution. See, e.g., Collins v. Am. Tel. & Tel. Co., 265 Ga. 37, 37 (456 SE2d 50) (1995) (Art. VI, Sec. VI, Par. II of Georgia Constitution of 1983 establishes this Court's exclusive jurisdiction over cases, while Art. VI, Sec. VI, Par. III specifies the general appellate jurisdiction of this Court). The basis for our appellate jurisdiction under Rule 21.4 is unclear in cases that are not otherwise within our appellate jurisdiction. It may be that in cases not otherwise within our exclusive jurisdiction, direct appellate jurisdiction is vested instead in the Court of Appeals. See OCGA § 15-3-3.1 (pursuant to Art. VI, Sec. VI, Par. III of the 1983 Constitution, the Court of Appeals rather than the Supreme Court shall have appellate jurisdiction over certain cases and "[a]ll other cases not reserved to the Supreme Court or conferred on other courts"). But we need not address this issue here. This appeal was not filed pursuant to Rule 21.4; instead, it was brought as an appeal from a final order denying mandamus, and the notice of appeal was filed before jurisdiction in such cases was statutorily transferred to the Court of Appeals. See Ga. L. 2016, pp. 865, 884, §§ 3-1, 6-1 (codified at OCGA § 15-3-3.1 (a) (6)) (granting the Court of Appeals subject matter jurisdiction over cases involving extraordinary remedies, such as mandamus, and other enumerated cases for notices of appeal filed on or after January 1, 2017). And regardless of whether appellate jurisdiction for an appeal under Rule 21 lies

Atlanta Journal-Constitution, 271 Ga. 436, 437 (519 SE2d 909) (1999) (noting that this Court granted newspaper's application seeking to appeal denial of Rule 21 motion for access to court records in case in which it was not a party); Atlanta Journal & Atlanta Constitution v. Long, 258 Ga. 410, 410-411 (369 SE2d 755) (1988) (after trial court granted a party's request to seal the records in the case, non-parties moved for access to the court records under Rule 21 and successfully appealed denial of access).[3]

(b) *Rule 21 allows non-parties to request court records in criminal cases*.

The Firm argued that it could not appeal Judge Emerson's October 11 order because it was not a party to the underlying criminal cases in which the orders were entered, and intervention of the sort provided in the Civil Practice

---

in this Court or the Court of Appeals, such an appeal would constitute part of Rule 21's adequate remedy at law. We also note another curious issue regarding the manner in which the rule provides a person the ability to seek appellate review. Rule 21.4 designates an appeal as interlocutory, but we have held that although a person not a party to an underlying case must file an application for review, that person need not follow the interlocutory procedures provided by OCGA § 5-6-34 (b). See In re Motion of Atlanta Journal-Constitution, 269 Ga. 589, 589 (502 SE2d 720) (1998).

[3] Although Rule 21.5 states that "an order limiting access may be reviewed and amended by the court entering such order or by the Supreme Court at any time on its own motion or upon the motion of any person for good cause," such review in this Court must still be sought by filing an application for review consistent with Rule 21.4. See In re Motion of Atlanta Journal-Constitution, 269 Ga. 589.

Act is not allowed in criminal cases. See OCGA § 9-11-24. But the Rule 21 process applies equally to criminal and civil cases. It is well settled that the right of access under Rule 21 is coextensive with the common law right of access to court proceedings. See Altman v. Altman, 301 Ga. 211 (800 SE2d 288) (2017) (Rule 21 is "designed to preserve the traditional common law right of access to court records"); In re Gwinnett County Grand Jury, 284 Ga. 510, 511 (668 SE2d 682) (2008) (Rule 21 "embodies the right of access to court records which the public and press in Georgia have traditionally enjoyed"); Savannah Coll. of Art & Design v. School of Visual Arts, 270 Ga. 791, 793 (515 SE2d 370) (1999) ("the aim of the Rule 21 presumption is to ensure that the public will continue to enjoy its traditional right to access to judicial records"); Green v. Drinnon, Inc., 262 Ga. 264, 264-265 (1) (417 SE2d 11) (1992) (Rule 21 was adopted to "preserve" the traditional right of access to court records); Long, 258 Ga. at 411 (1) (Rule 21 "preserve[s] the traditional right of access" to court records); see also In re Gwinnett County Grand Jury, 284 Ga. at 513 (upholding denial of access to records to which "the press and public have not traditionally enjoyed access"). The common law right of access applied to both criminal and civil cases. See San Jose Mercury News, Inc. v. U. S. Dist. Court, 187 F3d 1096,

1102 (9th Cir. 1999) (collecting federal appellate court decisions); see also Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F2d 157, 161 (3d Cir. 1993) (noting that the existence of a common law right of access, applicable in both criminal and civil cases, is "beyond dispute").

Because the common law right of access applied to court records in criminal cases, the right of access to court records preserved by Rule 21 (and thus the right of appeal from orders denying that access) applies to court records in criminal cases. See also USCR 21.1 (expressly providing that a court may limit access to files in a criminal case). Accordingly, where a trial court issues an order denying a non-party's Rule 21 request to access putative court records of criminal cases, that person may seek judicial review of that order regardless of whether that person could properly intervene in the underlying case. See USCR 21.4; see also Long, 258 Ga. at 410-411 (allowing non-party to appeal denial of access under Rule 21); Barham v. City of Atlanta, 292 Ga. 375, 376 (1) (738 SE2d 52) (2013) (where a judgment is entered against a non-party, that non-party becomes a party with standing to appeal).

(c) *Rule 21 provides an adequate legal remedy*.

Given that Rule 21 provides non-party members of the public with the right of access to court records, including in criminal cases, we conclude that the Rule 21 procedures constitute an adequate legal remedy that bars the Firm's claim for mandamus relief. In fact, the Firm already attempted to use Rule 21 to obtain relief, as it made an informal request to obtain a copy of the audio recordings and cited Rule 21 in support. The Firm has insisted that its request was made as a member of the public — not on behalf of the Firm's clients in the underlying cases — and Judge Emerson's October 11 order denying that request made clear that it expressly considered and rejected the Firm's argument that members of the public had a right to copy the recordings under Rule 21 and case law interpreting the rule.[4] Putting aside the Firm's failure to pursue the available remedy of making a direct Rule 21 request to the court, the court nevertheless expressly considered their request. Having had their request considered and an order entered denying it, the Firm had standing to appeal Judge Emerson's ruling. See USCR 21.4; Long, 258 Ga. at 410-411. Because the Firm had its

---

[4] In his order limiting the Firm's access to the recordings, Judge Emerson referenced the Firm's correspondence to the court reporter in which the Firm argued about the public's right of access. Later, when considering additional arguments by the Firm, Judge Emerson noted that the Firm's request was made as a member of the public.

11

Rule 21 request denied in an appealable order, the Firm could not use mandamus to challenge Judge Emerson's ruling. The availability of judicial review is an adequate legal remedy that eliminates the availability of mandamus relief. See Ford Motor Co. v. Lawrence, 279 Ga. 284, 285 (612 SE2d 301) (2005) (collecting cases holding that mandamus relief is not available to review appealable judicial orders); Blalock v. Cartwright, 300 Ga. 884 (799 SE2d 225) (2017) (affirming denial of petition for mandamus relief seeking copies of public records because the Open Records Act expressly provided a private right of action to compel performance); Goldman v. Johnson, 297 Ga. 115, 116 (772 SE2d 704) (2015) (mandamus unavailable to challenge judge's ruling where the petitioner had the ability to seek appellate review and chose not to pursue it); Titelman v. Stedman, 277 Ga. 460, 462 (591 SE2d 774) (2003) (trial court's entry of a written order denying relief is an appealable judicial act and mandamus is not an available means to review the propriety of that ruling). Accordingly, we affirm the trial court's dismissal of the Firm's mandamus claim

as right for any reason.[5] See Nat. Tax Funding v. Harpagon Co., 277 Ga. 41, 46 (4) (586 SE2d 235) (2003).

2. The Firm also challenges the denial of its claims for injunctive and declaratory relief, arguing that the court erred in analyzing the merits of these claims. Appellees argue, as they did below, that because the Firm sued them in their official capacity as public officers, the Firm's claims for declaratory and injunctive relief are barred by sovereign immunity. Cameron v. Lang, 274 Ga. 122, 126 (3) (549 SE2d 341) (2001) ("Suits against public employees in their official capacities are in reality suits against the state and, therefore, involve sovereign immunity." (citation and punctuation omitted)). The complaint does not specify whether the Firm sued Appellees in their individual or official capacities (or both). In response to Appellees' motions to dismiss, the Firm did not dispute that its declaratory and injunctive claims against Appellees in their official capacities were barred by sovereign immunity. See Olvera v. Univ.

_____

[5] Our holding here should not be read as precluding all mandamus claims in the Rule 21 context, for there may be instances where the trial court refuses to rule on a Rule 21 request or refuses to issue an order from which judicial review may be sought. See Titelman, 277 Ga. at 462 (where a trial judge "fails to perform her clear legal duty to enter a written order, an appeal is not possible. In that circumstance, therefore, mandamus is appropriate . . . to compel the trial court to enter a written order from which an appeal can be taken").

System of Ga. Bd. of Regents, 298 Ga. 425, 426-428 (782 SE2d 436) (2016) (barring declaratory judgment action); Ga. Dept. of Nat. Resources v. Center for a Sustainable Coast, 294 Ga. 593, 596-603 (2) (755 SE2d 184) (2014) (barring suit for injunctive relief). Instead, the Firm argued that the claims were not barred because it was suing Appellees in their individual capacities. But even presuming the Firm is correct,[6] their claims are nevertheless subject to dismissal.

(a) *Injunctive relief.*

Above, we concluded that Rule 21 provided the Firm with an adequate remedy at law and, therefore, precluded mandamus relief. For this same reason, injunctive relief is also unavailable. See Lue v. Eady, 297 Ga. 321, 333 (3) (d) (773 SE2d 679) (2015) ("[A]n injunctive remedy does not lie where one has a complete remedy at law."); Glynn County Bd. of Tax Assessors v. Haller, 273 Ga. 649, 650 (3) (543 SE2d 699) (2001) (superior court may not grant an

---

[6] Cf. Hobbs v. Roberts, 999 F2d 1526, 1528 (II) (A) (11th Cir. 1993) ("Where the complaint is unclear on whether officials are sued personally, in their official capacity, or both, courts must look to the course of the proceedings which will typically indicate the nature of the liability sought to be imposed." (citation and punctuation omitted)).

injunction where adequate remedy at law is available); see also <u>McArthur Elec., Inc. v Cobb County School Dist.</u>, 281 Ga. 773, 774 (642 SE2d 830) (2007) ("[E]quitable relief is improper if the complainant has a remedy at law which is adequate[.]" (citation and punctuation omitted)). Accordingly, we affirm the trial court's dismissal of this claim as right for any reason.

(b) *Declaratory relief.*

The availability of other adequate legal remedies does not preclude relief by declaratory judgment. OCGA § 9-4-2 (c). But the Firm's claim for declaratory relief is barred for another reason. Before the trial court, Appellees argued that the Firm was attempting to relitigate its claim that it was entitled to copies of the recordings, an issue that was adjudicated by Judge Emerson in his order denying the Firm's request to copy the recordings. We agree, and affirm the trial court's dismissal of the declaratory judgment claim as right for any reason.

The Declaratory Judgment Act is "not intended to be used to set aside, modify, or interpret judicial decrees or judgments," nor does it "authorize a petitioner to brush aside previous judgments of the same court, and seek a determination of his rights as if they had never been adjudicated." <u>Royal v.</u>

Royal, 246 Ga. 229, 229-230 (271 SE2d 144) (1980) (citations and punctuation omitted). The only exception to this rule is where a petitioner is seeking to ascertain one's rights and duties under a judgment that contains unclear or ambiguous language. Brown v. Brown, 265 Ga. 725, 726 (1) (462 SE2d 609) (1995); Royal, 246 Ga. at 230; see also 26 CJS Declaratory Judgments § 51 ("[A]n action for a declaratory judgment ordinarily cannot be used to attack collaterally the judgment of a court of competent jurisdiction[,] . . . [but] may be used to clarify the meaning or application of a previously existing court order.").

Although Judge Emerson entered the orders in two criminal cases in which the Firm was not a party, his orders denying the Firm the ability to copy the audio recordings was an adverse ruling against the Firm that the Firm could have appealed. The Firm makes no claim that Judge Emerson's order was unclear or ambiguous, nor does the Firm seek any guidance regarding the application of that order. The Firm may disagree with the merits of that ruling, but it may not use a declaratory judgment action to collaterally attack the decision specifically adjudicating the Firm's claim. See, e.g., Jenkins v. Walker, 287 Ga. 783, 785 (700 SE2d 362) (2010) (petitioner cannot use mandamus or declaratory judgment to relitigate and overturn a prior judgment); Burgess v.

Burgess, 210 Ga. 380, 382-383 (2) (80 SE2d 280) (1954) (declaratory relief unavailable to petitioner seeking to challenge and set aside divorce decree). Because all of the Firm's claims are barred, the trial court properly dismissed the Firm's complaint.

Judgment affirmed. Hines, C. J., Melton, P. J., Benham, Hunstein, Nahmias, Blackwell, Boggs, JJ., and Judge Brian M. Rickman concur. Grant, J., disqualified.

Decided May 30, 2017 – Reconsideration denied June 30, 2017.

Mandamus. Fulton Superior Court. Before Judge Glanville.

The Merchant Law Firm, Ashleigh B. Merchant, John B. Merchant III, for appellant.

Christopher M. Carr, Attorney General, Dennis R. Dunn, Deputy Attorney General, Russell D. Willard, Julia B. Anderson, Senior Assistant Attorneys General, for Judge David T. Emerson.

Smith, Gambrell & Russell, Stephen M. Forte, J. Harrison Anthony, for Melinda Cantrell and CA-BO Enterprises, Ltd.

Hallie Manheimer, amicus curiae.