**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 29, 2019**

# In the Court of Appeals of Georgia

A19A1011. ALL STAR, INC. v. ALFORD et al.

REESE, Judge.

All Star, Inc. ("the Appellant") appeals the trial court's order dismissing its petition for a writ of mandamus in response to a motion to dismiss filed by the Georgia Lottery Corporation ("GLC"), Debbie Alford, and Joseph Kim (collectively "the Appellees").[1] The Appellant argues that the trial court erred in ruling that the Appellant's request for a hearing on the revocation of its 2017 license was moot and that GLC was not a proper party to this action. For the reasons that follow, we affirm.

---

[1] Alford was sued in her official capacity as the President and Chief Executive Officer of the GLC, and Kim was sued in his official capacity as the Senior Vice-President and Custodian of Records.

Viewed in the light most favorable to the Appellant, as the non-movant,[2] the verified petition alleges the following facts. In 2017, Kim, on behalf of GLC, and the Appellant corresponded through a series of letters, regarding the Appellant's license to operate coin-operated amusement machines ("COAMs").[3] In a February 1, 2017 letter sent to the attention of Thomas Gray,[4] Kim informed the Appellant of GLC's intent to revoke the Appellant's license to operate COAMs due to an alleged violation under OCGA § 50-27-73 (c).[5] Kim alleged that the Appellant had been recently sold

<hr>

[2] *The Quarters Decatur, LLC v. City of Decatur*, 347 Ga. App. 723 (820 SE2d 741) (2018).

[3] The Appellant attached the letters as Exhibits F, G, and H to its mandamus petition. Because the above letters were attached to the petition, the trial court could consider it when ruling on a motion to dismiss. See *Gold Creek SL LLC v. City of Dawsonville*, 290 Ga. App. 807, 809 (1) (660 SE2d 858) (2008) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes and thus, a trial court is authorized to consider exhibits attached to and incorporated into the pleadings in its consideration of a motion to dismiss.") (citations and punctuation omitted).

[4] According to the letter, in July 2014, Thomas Gray became "an officer of the master licensee," after the Appellant removed Larry Simmons, Sr. as an officer. In July 2016, based upon a document titled "Assignment and Assumption Agreement[,]" Gray sold All Star, Inc., to Simmons's son, Larry Simmons, Jr.

[5] See OCGA § 50-27-73 (c) (5) ("[GLC] may refuse to issue or renew a manufacturer, distributor, or master license or may revoke or suspend a manufacturer, distributor, or master license issued under this chapter if: [f]ailure to suspend or revoke the license would be contrary to the intent and purpose of this article.").

to and had been returned to the control of a former owner, Larry Simmons, Sr., ("Simmons"), who had pled guilty to "gambling and fraud related charges[.]" Kim informed the Appellant that, if it wished to dispute the license revocation, the Appellant could request a hearing in writing, signed by the licensee, within 30 days.[6]

By letter dated March 1, 2017, and signed by Alan Begner, as attorney for the Appellant, and the Appellant's owner, "Larry Simmons, Jr.[,]" the Appellant denied that Simmons was "again involved in [its] operation[,]" demanded a dismissal of the revocation action, and requested a hearing. GLC, through Kim, responded by letter dated March 6, 2017, denying the Appellant's request for a hearing because the request was not signed by Thomas Gray, the "registered agent[,] chief executive officer[, and owner] of [the Appellant]."[7] The Appellant did not respond to GLC's letter to challenge its ruling as to the validity of the hearing request. GLC remotely

---

[6] See OCGA § 50-27-73 (d) ("[GLC], on the request of a licensee or applicant for a license, shall conduct a hearing to ascertain whether a licensee or applicant for a license has engaged in conduct which would be grounds for revocation, suspension, or refusal to issue or renew a license.").

[7] In a footnote in its brief, the Appellees admit that the Appellant mailed an application to change its ownership from Gray to Larry Simmons, Jr., between February 1, 2017, and March 1, 2017, but that "it had not been processed by GLC."

disconnected the COAM machines and notified the Appellant that the machines were to be removed no later than March 16, 2017, from the Appellant's premises.

In July 2017, the Appellant filed a mandamus petition against the Appellees, seeking an order compelling GLC to conduct a hearing on the COAM license revocation and to force GLC to allow the Appellant to continue to operate under its 2017 license until the hearing was held and the ruling on the revocation was appealed, if necessary. The Appellant also sought attorney fees and expenses of litigation.

The Appellees filed an answer by "limited appearance[,]" and, on July 23, 2018, filed a motion to dismiss the petition, asserting that, because the Appellant's license had been revoked and the Appellant had not tried to renew the 2017 license or applied for a new license, the mandamus action was moot.[8] The trial court granted the Appellees' motion, and the Appellant filed this discretionary appeal.[9]

---

[8] Attached to the motion was a copy of a voluntary dismissal of a petition for writ of mandamus and complaint for a temporary restraining order filed on March 16, 2017, by the Appellant. Although the record does not contain a petition for writ of mandamus filed by the Appellant prior to July 2017, it appears that the Appellant did file an earlier petition and that it subsequently filed a voluntary dismissal through prior counsel.

[9] This Court granted the Appellant's application for discretionary appeal by order dated November 28, 2018.

4

A motion to dismiss . . . should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of the relief sought by the claimant, the complaint is sufficient and a motion to dismiss should be denied. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.[10]

Mandamus is "an extraordinary remedy to compel a public officer to perform a required duty when there is no other adequate legal remedy."[11] "The writ of mandamus is properly issued only if (1) no other adequate legal remedy is available to effectuate the relief sought; and (2) the applicant has a clear legal right to such relief."[12] Further,

---

[10] *Anderson v. Flake*, 267 Ga. 498, 501 (2) (480 SE2d 10) (1997).

[11] *R. A. F. v. Robinson*, 286 Ga. 644, 646 (1) (690 SE2d 372) (2010) (citation and punctuation omitted).

[12] *Ga. Assn. of Professional Process Servers v. Jackson*, 302 Ga. 309, 312 (2) (806 SE2d 550) (2017) (citation and punctuation omitted).

a clear legal right to the relief sought may be found only where the claimant seeks to compel the performance of a public duty that an official or agency is required by law to perform. For mandamus to issue, the law must not only authorize the act to be done, but must require its performance. Where performance is required by law, a clear legal right to relief will exist either where the official or agency fails entirely to act or where, in taking such required action, the official or agency commits a gross abuse of discretion. The determination of whether official action is required depends on the law governing the subject matter in question. Thus, where the applicable law vests the official or agency with discretion with regard to whether action is required in a particular circumstance, mandamus will not lie, because there is no clear legal right to the performance of such an act.[13]

The party seeking the mandamus "bears the burden to show that it lacks an adequate legal remedy so that an action for mandamus will lie."[14] This Court's review of the trial court's ruling on whether to grant a mandamus petition is de novo.[15]

With these guiding principles in mind, we turn now to the Appellant's specific claims of error.

---

[13] Id. at 312-313 (2) (citation and punctuation omitted).

[14] *The Merchant Law Firm v. Emerson*, 301 Ga. 609, 611 (1) (800 SE2d 557) (2017).

[15] See *Blalock v. Cartwright*, 300 Ga. 884, 885 (I) (799 SE2d 225) (2017).

6

1. The Appellant argues that trial court erred in finding that the mandamus petition was moot. Specifically, the Appellant contends that it could not file a renewal application for its COAM license because the license had been revoked, not because it had expired.

"Mandamus will not be granted when it is manifest that the writ would, for any cause, be nugatory or fruitless[.]"[16] "Mandamus proceedings, when instituted, do not relate back to the time of the accrual of a right thereto, and the duty to be enforced must be a duty which exists at the time when the application for mandamus is made or the writ is granted."[17]

Here, the Appellant received a letter from Kim, dated February 1, 2017, that stated that under OCGA § 50-27-73 (c), "GLC is providing you with 30 days' notice of its intent to revoke All Star Inc.'s COAM license." GLC Rule 13.2.9 (1) states that:

> In the case where a licensee has received notice of suspension or revocation of an existing license pursuant to either OCGA § 50-27-71 (a.2) or OCGA § 50-27-73 (c) and the *licensee*[18] has requested a hearing

---

[16] OCGA § 9-6-26.

[17] *Skrine v. Kim*, 242 Ga. 185, 187 (249 SE2d 534) (1978) (citation and punctuation omitted).

[18] (Emphasis supplied).

7

pursuant to OCGA § 50-27-74 prior to the effective date of such action of suspension and revocation, the effective date of such action shall be stayed until the issuance of the Order of the Hearing Officer.

Although the Appellant, through a letter dated March 1, 2017 and signed by the Appellant's attorney on behalf of Larry Simmons, Jr., sought a hearing, the request was rejected by GLC via letter dated March 6, 2017, because according to its records, Larry Simmons, Jr. "[was] not a licensee nor an applicant for a license. [T]he Office of the Georgia Secretary of State show[ed] that Thomas Gray [was] the registered agent and the chief executive officer of [the Appellant]; and GLC ha[d] not received a request for a hearing from Thomas Gray[.]"

The Appellant sought a hearing on the revocation of its 2017 license with GLC through a petition for a writ of mandamus filed in March 2017, and voluntarily dismissed its petition on March 16, 2017. It is undisputed that the Appellant did not file an application to GLC in 2017 for a COAM license, which would have been effective July 1, 2017 through June 30, 2018.[19]

---

[19] See Ga. Lottery Comm. R. & Regs. r. 13.1.5 (3). ("A Master License shall be valid and effective commencing July 1, or upon issuance if purchased after July 1, through June 30 of the following year."); see also Ga. Lottery Comm. R. & Regs. r. 13.1.5 (7) ("A Master License is not transferable from one Owner to another Owner.").

Under the statutes governing GLC, "[a]n application for the renewal of a license or permit *must* be made to the corporation in accordance with the due dates set forth in the rules promulgated by the board each year."[20] And, under OCGA § 50-27-71 (k),[21] a license that "has been expired for more than 90 days may not be renewed."

Further,

[w]hen we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would.[22]

---

[20] OCGA § 50-27-71 (f) (emphasis supplied).

[21] See OCGA § 50-27-71 (k) ("A renewal application filed on or after the due dates set forth in the rules promulgated by the board, but before the license expires, shall be accompanied by a nonrefundable late fee of $1,000.00. A manufacturer, distributor, or master license or location license that has been expired for more than 90 days may not be renewed. In such a case, the manufacturer, distributor, master license, or location license owner shall obtain a new license, as applicable, by complying with the requirements and procedures for obtaining an original license.").

[22] *Deal v. Coleman*, 294 Ga. 170, 172-173 (1) (a) (751 SE2d 337) (2013) (citations and punctuation omitted); accord *Ga. Assn. of Professional Process Servers*, 302 Ga. at 313-314 (2).

Here, a plain reading of OCGA § 50-27-71 (k) shows that a license that has been expired for more than 90 days can not be renewed. Read in conjunction with OCGA § 50-27-71 (f), the application for the renewal of a license must be made to GLC within the time period prescribed by GLC rules and regulations. Under these circumstances, the Appellant filed its second mandamus petition before the 90-day expiration period in OCGA § 50-27-71 (k), but the trial court did not rule on the issue until *after* the expiration period.

It follows that although the Appellant sought to continue to operate the COAM machines under the 2017 license, that license would have expired on June 30, 2017. Thus, at the time of the trial court's ruling in October 2018, the Appellant's request for a hearing on the revocation of that license was moot."[23] "Mandamus is not the proper remedy to compel the undoing of acts already done or the correction of wrongs

---

[23] *Cravey v. Bankers Life & Cas. Co.*, 209 Ga. 273 (71 SE2d 659) (1952) (writ dismissed as moot where the judgment ordering renewal of the petitioner's insurance business license was issued after the time period for the license sought had expired); see *Bonner v. Maddox*, 227 Ga. 598, 599 (1) (182 SE2d 122) (1971) (judgment granting a retail license reversed as moot when the petitioners' three applications for retail licenses at issue were for the previous year); *Stover v. City Council of Fairburn*, 220 Ga. 670, 670-671 (141 SE2d 399) (1965) (appeal from denial of mandamus petition to re-issue a revoked license dismissed as moot because "the license [was] an annual license, and since the period of time for which the license would be effective [had expired], the case thereupon became moot[ ]").

already perpetrated, and this is so, even though the action taken was clearly illegal."[24] Pretermitting whether the trial court's ruling was factually and legally correct, this Court will affirm a judgment if it is right for any reason.[25] Thus, based on the foregoing, we affirm the trial court's grant of the Appellees' motion to dismiss.[26]

2. In light of our decision in Division 1, supra, the Appellant's remaining claim of error is moot.

*Judgment affirmed. Miller, P. J., and Rickman, J., concur.*

---

[24] *Hilton Constr. Co. v. Rockdale County Bd. of Ed.*, 245 Ga. 533, 540 (4) (266 SE2d 157) (1980) (citations and punctuation omitted).

[25] See *The Merchant Law Firm*, 301 Ga. at 614 (1) (c) (affirming the trial court's dismissal of the petition for a writ of mandamus that sought copies of audio recordings used by a court reporter to prepare transcripts as right for any reason).

[26] See *Hilton Constr. Co.*, 245 Ga. at 540 (4); *Stover*, 220 Ga. at 670-671; *Cravey*, 209 Ga. at 273.