# Court of Appeals
# of the State of Georgia

ATLANTA,  November 20, 2023

*The Court of Appeals hereby passes the following order:*

**A24D0128.   THE RETAIL PROPERTY TRUST v. TYREESE RASHUN BROWN et al.**

Tyreese Rashun Brown and Shakeria King were arrested and charged with a shooting at Lenox Square Mall. In the pending criminal case, the owner and operator of the mall, The Retail Property Trust, filed a non-party motion to unseal records relating to the defendants. See OCGA § 42-8-62.1. On August 10, 2023, the trial court entered an order denying the motion to unseal, and Retail Property Trust thereafter filed this discretionary application on October 25, 2023. We lack jurisdiction.

As a threshold matter, no provision of the discretionary application statute applies to the trial court's order. See OCGA § 5-6-35 (a).[1] Ordinarily, this Court will grant a timely discretionary application if the lower court's ruling is subject to direct appeal. See OCGA § 5-6-35 (j). However, the application for a discretionary appeal must be filed within 30 days of the order being appealed. See OCGA § 5-6-35 (d).

Here, Retail Property Trust filed its application more than two months after entry of the order it seeks to appeal. Uniform Superior Court Rule 21.5 provides that

---

[1] Pursuant to Uniform Superior Court Rule 21.4, an order limiting access to court files "may be reviewed by interlocutory application to the appellate court that has jurisdiction to hear the appeal." However, the Georgia Supreme Court has explained that this language does not "import the full procedural structure" of interlocutory appeals, such that "there is no need for a certificate of immediate review," and the expedited time limits imposed by our interlocutory appeal procedure set forth in OCGA § 5-6-34 (b) do not apply. *In re Motion of Atlanta Journal-Constitution*, 269 Ga. 589, 589 (502 SE2d 720) (1998).

"an order limiting access may be reviewed . . . by the appropriate appellate court at any time[.]" To the extent that Retail Property Trust relies on Uniform Superior Court Rule 21.5 to provide a more generous deadline for filing an application, the court rule conflicts with OCGA § 5-6-35 (d) and must yield to the statute. See *Coastal Plains Trucking Co. v. Thomas County Fed. S & L Assn.*, 224 Ga. App. 885, 886 (482 SE2d 493) (1997); see also Uniform Superior Court Rule 1; *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989) ("The requirements of OCGA § 5-6-35 are jurisdictional and this court cannot accept an appeal not made in compliance therewith.").

Because this application was not filed within 30 days of the trial court's order, it is untimely, and this Court is without jurisdiction to consider it. See *Crosson v. Conway*, 291 Ga. 220, 220 (1) (728 SE2d 617) (2012). Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  11/20/2023*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*